HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff, *v.* FIRST NATIONAL BANK AND TRUST COMPANY OF HUDSON, Respondent, and FARMERS NATIONAL BANK, HUDSON, Appellant, Impleaded with Another.

Argued June 2, 1939; decided July 11, 1939.

164

*Warner M. Bouck* and *Charles B. Sullivan* for appellant.

*George C. Inman* for respondent.

LOUGHRAN, J. For convenience, we abbreviate the corporate names appearing in the record: The Savings Bank; First National Bank; Farmers National Bank; the Indemnity Company.

In May, 1935, the Savings Bank drew to the order of Anna Gaddis (a depositor) its draft for $5,000 on First National Bank and debited her savings account in that sum. This draft, indorsed in the name Anna Gaddis, was deposited by one Merlon J. White in his account in Farmers National Bank, and was by that bank indorsed and collected from First National Bank, where the Savings Bank had a deposit to which the payment was charged.

In an action thereafter brought by Anna Gaddis against the Savings Bank, she had judgment for the full amount of her savings account on a finding that the indorsement of her name on the $5,000 draft was a forgery. This judgment has been paid by the Indemnity Company, that company having insured the Savings Bank against such a liability.

The present action was brought by the Indemnity Company (as subrogee of the Savings Bank) against First National Bank for reimbursement of the payment of the Gaddis judgment. First National Bank brought in Farmers National Bank as a party and demanded judgment over against it. The collateral pleadings served in this action by these now defendant banks presented again the issue whether the indorsement of the name Anna Gaddis on the $5,000 draft was a forgery.

The Indemnity Company has a judgment on the pleadings against First National Bank. This judgment has not been challenged and may be passed over.

Special Term denied a motion by First National Bank for summary judgment in its cross-action against Farmers National Bank. First National Bank appealed to the Appellate Division where the order of Special Term was reversed and the motion was granted. Farmers National Bank now appeals to us from the summary judgment directed against it in favor of First National Bank.

The Appellate Division held that the Savings Bank by appropriate notice had offered to Farmers National Bank a full and fair opportunity to defend the Gaddis action and that, though the offer had been declined, the result was that on the issue in the present case in respect of forgery of the indorsement on the $5,000 draft Farmers National Bank was concluded by the judgment antecedently recovered by Anna Gaddis against the Savings Bank. We think this employment of the doctrine of *res judicata* should not be approved.

A generally accepted statement of the rule in question may be abridged as follows: " When a person is responsible over to another, either by operation by law or by express contract * * * and he is duly notified of the pendency of the suit and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case,

if due notice is given to such person, the judgment, if obtained without fraud or collusion, * * * will be conclusive against him, whether he has appeared or not." (*Littleton* v. *Richardson*, 34 N. H. 179, 187.) This rule operates only against persons who will be directly responsible over to the person first sued should judgment go against him. (*New York Title & Mortgage Co.* v. *Title Guarantee & Trust Co.*, 187 App. Div. 537; 1 Freeman on the Law of Judgments [5th ed.], § 448; 24 Am. & Eng. Ency. of Law, p. 741.)

The obligation of the Savings Bank to Anna Gaddis was a simple debt. The only applicable obligation of Farmers National Bank ran to First National Bank and was a warranty of the genuineness of the indorsement of the name Anna Gaddis on the $5,000 draft. (Neg. Inst. Law [Cons. Laws, ch. 38], §§ 115, 116.) There was no obligation of Farmers National Bank to the Savings Bank in respect of the loss resulting to the Savings Bank in the Gaddis action. In that state of the several relationships of these parties, there was no right of the Savings Bank to impose upon Farmers National Bank a duty to defend the Gaddis action. The judgment in that action, therefore, is not in this action available to First National Bank to establish as against Farmers National Bank that the indorsement of the name Anna Gaddis on the $5,000 draft was a forgery.

So the case stands in the present aspect of the law. But it is argued for First National Bank that its judgment against Farmers National Bank is sanctioned by the spirit of the " rule of reason and practical necessity " connoted by the phrase *res judicata*. (See *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.) This argument can indeed be plausibly stated. We have found it to be unconvincing and indecisive.

A named defendant who would have another (not yet a party) bound by judgment in an action must by proper notice offer to him control of the defense of the litigation. (*Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, 427.) The essential factors

of this process of " vouching in " are hard to define. Resort
to them has often provoked a new controversy as to the
adequacy of notice and opportunity to defend. (See *Blas-
dale* v. *Babcock*, 1 Johns. 517, 518; *Castle* v. *Noyes*, 14 N. Y.
329, 332, 335; *Andrews* v. *Gillespie*, 47 N. Y. 487, 492; *City
of Rochester* v. *Montgomery*, 72 N. Y. 65, 67; *Oceanic Steam
Navigation Co.* v. *Compania Transatlantica Espanola*,
144 N. Y. 663, 666; *Prescott* v. *Le Conte*, 83 App. Div. 482,
487; 178 N. Y. 585; *Vogemann* v. *American Dock & Trust
Co.*, 131 App. Div. 216, 219, 220; 198 N. Y. 586.) Vexations
inherent in the practice are exhibited once more in the
present case. Much may be said for the view of the dis-
senting opinion below that Farmers National Bank was not
sufficiently informed that the creditor-against-debtor action
brought by Anna Gaddis against the Savings Bank embraced
an unpleaded issue of forgery. But however that may be,
we think there is no compelling reason why a procedure so
perplexing and inexact should now have operation outside its
presently existing limits.

Subdivision 2 of section 193 of the Civil Practice Act
provides: " Where any party to an action shows that some
third person, not then a party to the action, is or will be liable
to such party wholly or in part for the claim made against
such party in the action, the court, on application of such
party, may order such person to be brought in as a party
to the action and direct that a supplemental summons and
a pleading alleging the claim of such party against such
person to be served upon such person and that such person
plead thereto, so that the claim of such moving party against
such person may be determined in such action, which shall
thereupon proceed against such person as a defendant
therein to such judgment as may be proper." The Savings
Bank, then, could have sought in the Gaddis action a
proper judgment on its claim against First National Bank.
In that action, too, First National Bank could in that event
have sought a proper judgment on its claim against Farmers
National Bank. In that action, again, Farmers National
Bank could then have sought a proper judgment on its claim

against Merlon J. White and he in his turn could have sought a proper judgment against any person liable over to him in the premises. (See *Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, *supra;* Clark on Code Pleading, pp. 284–286. Cf. *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.) Thus a plain and sure track was open for one complete settlement of the respective claims of all persons involved in the handling of the $5,000 draft. In view of the breadth and certainty of this statutory authority for bringing into a litigation persons answerable over to original parties, we are not disposed to give assent to the dubious extension of the doctrine of *res judicata* here propounded by First National Bank.

The judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.