GLENS FALLS INSURANCE COMPANY, Appellant, v. GLENN WOOD, Respondent.

Third Department, November 13, 1959.

*Layden & Layden* for appellant.

*Wein & Greenberg* for respondent.

FOSTER, P. J. In this action a motion for summary judgment was made by the plaintiff and from the order denying such motion the plaintiff has appealed.

On February 5, 1955, plaintiff issued a policy of liability insurance covering an automobile owned by the defendant's father, Isaac Wood. While the policy was in effect the defendant had an accident when driving the insured car in the absence of the father, but with the latter's knowledge and consent. Defendant's wife, a passenger, was injured in the accident and thereafter sued the defendant's father, recovering a verdict against him in the sum of $500. After that action was instituted the plaintiff insurance company in this action caused a third-party complaint in the name of the insured to be served against the defendant. Subsequently the insured took proceedings to

have the third-party complaint dismissed, presumably upon the ground that the insurance company could not, under the co-operation and subrogation terms of the policy, compel him to bring a third-party action. (*American Sur. Co.* v. *Diamond,* 1 N Y 2d 594.) An order was entered dismissing such third-party complaint and thereupon the insurance company advised defendant herein by letter that it would take action against him for any amount it was obliged to pay in the action brought by his wife, and that he should be guided accordingly.

After paying the judgment in the first action the plaintiff, as subrogee, commenced this action against the defendant to recover the amount paid. Defendant answered, setting up two main defenses: (1) a denial that he was negligent in the operation of his father's car, although he admitted that a jury had found a verdict in the first action: (2) that he was an insured under the policy. Plaintiff insurance company moved for summary judgment on the theory that defendant had been vouched in the prior action and a second trial was unnecessary. The Special Term denied such motion.

The defense that defendant was an insured under the terms of the policy is easily disposed of by reference to an express provision in the Insurance Law. Subdivision 3 of section 167 of the statute provides: " No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

Concededly there was no express provision included in the policy involved here which took the case out of the foregoing language contained in the statute, and hence the defendant was not an insured as to injuries his wife sustained.

With this defense eliminated we turn to the question of whether summary judgment was proper as to the remaining defense. Although in this action negligence is denied by the defendant he undoubtedly was found negligent in the action against his father. No one disputes the proposition that plaintiff was subrogated to whatever cause of action the father had against defendant, but plaintiff's theory is that a second trial is inappropriate because it vouched in the defendant when it served notice on him of the existence of the original action and notified him that it would hold him liable for any judgment it was required to pay; that the defendant was found guilty of negligence once and it is unnecessary to try this issue again.

The process of vouching in is a common-law procedure, not wholly abandoned but seldom invoked because of the third-party practice permitted by section 193 of the present Civil Practice Act. It has been said that its essential factors are hard to define but apparently the principles of *res judicata* are not involved (1 Freeman, Judgments [5th ed.], §§ 444-454). It rests upon an obligation to indemnify that may arise out of an express contract or is implied from the situation and relation of the parties. It is immaterial whether the indemnitor was a party to the prior action (*Municipal Serv. Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, 427), but we do not think the converse of this proposition to be true. We find no case where the process has been applied in which the indemnitee was not a party to the original action. The essentials of vouching in have been succinctly stated as follows: '' A named defendant who would have another (not yet a party) bound by judgment in an action must by proper notice offer to him control of the defense of the litigation.'' (*Hartford Acc. & Ind. Co.* v. *First Nat. Bank & Trust Co.*, 281 N. Y. 162, 168.) The plaintiff here was not a party to the original action, and therein, in our opinion lies the difficulty for the application of its theory that it is entitled to a summary judgment here on the basis that it vouched in the defendant.

Undoubtedly the owner of the car, whose liability under the circumstances was statutory only (Vehicle and Traffic Law, § 59), had a cause of action over against the present defendant, who was the active tort-feasor; and under the terms of its policy the plaintiff was subrogated to such cause. But plaintiff did not become subrogated until it was required to pay damages. It then moved into the original defendant's position and became entitled to '' all the insured's rights of recovery,'' but no more. What then were the rights of the insured at the time subrogation became effective? He had a cause of action against the present defendant, which the latter might elect to defend, and nothing else. The right to vouch in the defendant here had been lost by a failure of the insured to act, and in all probability such a right was waived in any event because he had refused to permit a third-party complaint to stand. With such rights lost to the insured there remained, when subrogation became effective, only the cause of action which the defendant here has elected to defend, and this is all the plaintiff insurance company became entitled to when its right to subrogation matured. It may be argued, and very plausibly, that such reasoning is highly technical and results in an injustice to the plaintiff insurance company, which was helpless under the circumstances. But

plaintiff's situation is the inevitable result of the terms of its policy and the refusal of the insured to permit a third-party complaint to stand.

The order should be affirmed.

Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.

Order affirmed, with costs.