WILLIAM J. COLE, JR., et al., Plaintiffs, v. LONG ISLAND LIGHTING COMPANY et al., Defendants, and CAYE CONSTRUCTION CO., INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. UNITED CAST STONE CO. et al., Third-Party Defendants-Respondents.—

During the first trial, on motion of the Trial Justice, the general contractor's third-party action was severed. The trial then proceeded and resulted in a jury disagreement as to the general contractor. Thereafter and prior to the second trial, the general contractor moved to again consolidate the main action with the third-party action. That motion was denied. Thereupon the general contractor served the vouching-in notice upon the two subcontractors, United and Kings, calling upon them to defend the main action at their expense. Upon their motions, such notice was vacated by the order appealed from. The second trial of the main action thereafter proceeded without such subcontractors and resulted in a judgment against the general contractor which it has paid. Under the circumstances here, we believe that the vouching-in notice was properly vacated. It is still permissible, notwithstanding the fact that third-party practice is now governed by section 193-a of the Civil Practice Act, to vouch-in one who is not named as a party to the action. To be effective, however, the notice must be timely and proper, and it must offer to grant control to the vouchee of the defense of the litigation (cf. *U. S. Wire & Cable Corp.* v. *Ascher Corp.*, 34 N. J. 121; *Hartford Acc. & Ind. Co.* v. *First Nat. Bank & Trust Co. of Hudson*, 281 N. Y. 162; *Glens Falls Ins. Co.* v. *Wood*, 8 N Y 2d 409). The notice here did not measure up to the standards prescribed; hence, it was ineffective and was properly vacated. Beldock, Acting P. J., Ughetta, Pette and Brennan, JJ., concur; Christ, J., dissents and votes to reverse the order insofar as appealed from, and to deny the motions to vacate the vouching-in notice, with the following memorandum: The general contractor should not have been required to bear the expense and risks of two trials without the subcontractors (the two third-party defendants) carrying any such burdens. The general contractor did all in its power to enable

them to defend the main action, first by a third-party complaint, then by a motion to consolidate the actions, and lastly by the vouching-in notice. Under the circumstances, the said subcontractors should be bound by the result of the second trial in the main action, since they had a full opportunity to defend against it. The vouching-in notice was not served before the first trial since the third-party action was then at issue and ready for trial. However, it was served on September 10, 1959, approximately two months before the second trial. This was timely service; it was sufficient to give the said subcontractors an opportunity to prepare. If they had believed otherwise they would have sought a postponement of the second trial on that ground.