Sydney F. Foster, J.
Motion to vacate a ‘vouching-in notice.”
This motion is made in behalf of the Atlantic Mutual Insurance Company which had an automobile liability insurance policy on a truck. The owner of the truck sent the same, in charge of his son, to the premises of the P. S. Dubrey Trucking Co., Inc., at Cohoes, N. Y., to pick up a piece of machinery he had ordered from the Cherry-Burrell Corporation, which is the defendant in this action. The plaintiff, Bouleris, was employed by the P. S. Dubrey Company as a frieght handler and checker. The complaint alleges that the piece of machinery mentioned was not properly crated by the defendant Cherry-Burrell Company, and that when the plaintiff was handling the same it broke through the crate and struck him, causing him to sustain personal injuries.
The defendant seeks to vouch-in the Atlantic Mutual Insurance Company, apparently on the theory that the policy on the truck covered loading and unloading operations and inured to the benefit of the defendant. The facts alleged do not support this theory. Negligently crating a piece of machinery is not a loading or unloading operation per se although it may not result in an accident until loading is attempted.
Nevertheless there is no precedent that I have discovered, and none has been cited, for an order vacating a ‘‘ vouching-in notice ’ ’, and the nature of such a notice would seem to preclude such a motion except where the notice is clearly untimely served (cf. Cole v. Long Is. Lighting Co., 14 A D 2d 922). In substance vouching-in is simply a notice that an action is pending, and an offer to the vouchee to come in and defend, in default thereof the voucher will hold him liable. The procedure is very informal, no particular language is required and the notice may be written or oral (2 Carmody-Wait, New York Practice, p. 653). In view of this, an order to vacate would be futile. A notice and an offer of this kind cannot be stopped or vacated at this stage of the litigation.
But the effect of such a notice is quite another matter. Vouching-in is a common-law procedure, which has been little used since the adoption of a statutory third-party practice, but in any event it is limited to cases where the voucher’s right to relief-over rests on a cause of action identical with that asserted by plaintiff against the original defendant (Lord & Taylor v. Tale do Towne Mfg. Co., 230 N, Y. 132), and there *320 is authority to the effect that it should be confined to these limits (Hartford Acc. & Ind. Co. v. First Nat. Bank & Trust Co., 281 N. Y. 162). A party which is properly vouchcd-in and does not undertake the defense of the main action may be bound by the judgment, but if such a party is improperly vouched-dn and elects not to undertake a defense he may always raise this as a defense to an action on the judgment. There is no magic ipso facto liability flowing from such a notice. Motion denied, without costs.