Walter E. Hart, J.
The action herein is for damages for personal injuries sustained by plaintiff Isabel Urbach and for the derivative damages sustained by her husband, Henry Urbach, allegedly caused by a fall on a public sidewalk by the plaintiff wife on July 6, 1960. Prom the papers before the court it appears that plaintiff fell on that portion of the sidewalk used as a driveway into a parking area for Federal employees.
On or about December 15, 1964, defendant City of New York served a notice of “ vouching-in ” on the United States Attorney, advising him of the action; that the city will contend upon the trial that plaintiff’s injuries were sustained by the negligence of the United States of America, whose employees caused motor vehicles to mount and be driven over the driveway, causing the sidewalk to become and remain cracked, broken and otherwise defective. The notice advised the United States Government to come in and defend the action at its own cost and expense, for if any judgment were returned against the city, it would hold the United States of America responsible therefor together with all costs and damages. Further, the notice stated that the com *504 plaint in the action was served on June 20, 1961 and that the action was noticed for trial for the January 1962 Term, and it recites the calendar number and advises of the names and addresses of plaintiffs’ attorney and trial counsel.
The United States of America moves pursuant to CPLR 1010 and 3211 (subd. [a], pars. 2, 5, 7, 8) to strike the notice of vouching-in. The grounds urged are that the court lacks jurisdiction of the United States of America; does not have jurisdiction over the subject of the action insofar as it relates to the United States of America; that the action is barred by the Statute of Limitations provided for by the Federal Tort Claims Act; and finally, that the City of New York is guilty of laches. In short, the United States moves with respect to the notice of vouching-in as though it were a third-party complaint — which it is not. It does not have the effect of process so that if the notice were proper in all respects, as required by law, the city could not have judgment over, if entitled thereto, as in the case of a third-party complaint — but would be required to commence a new action in the Federal court where all of the objections raised here would be offered defensively. A motion to dismiss the notice of vouching-in is not authorized by statute. As recently stated by Mr. Justice Foster in Bouleris v. Cherry-Burrell Corp. (45 Misc 2d 318, 319-320):
“ Nevertheless there is no precedent that I have discovered, and none has been cited, for an order vacating a ‘ vouching-in notice ’, and the nature of such a notice would seem to preclude such a motion except where the notice is clearly untimely served (cf. Cole v. Long Is. Light. Co., 14 A D 2d 922). In substance vouching-in is simply a notice that an action is pending, and an offer to the vouchee to come in and defend, in default thereof the voucher will hold him liable. The procedure is very informal, no particular language is required and the notice may be written or oral (2 0armody-Wait, New York Practice, p. 653). In view of this, an order to vacate would be futile. A notice and an offer of this kind cannot be stopped or vacated at this stage of the litigation.
“ But the effect of such a notice is quite another matter. Vouching-in is a common-law procedure, which has been little used since the adoption of a statutory third-party practice, but in any event it is limited to cases where the voucher’s right to relief-over rests on a cause of action identical with that asserted by plaintiff against the original defendant (Lord & Taylor v. Yale & Towns Mfg. Co., 230 N. Y. 132), and there is authority to the effect that it should be confined to these limits (Hartford Acc. & Ind. Co. v. First Nat. Bank & Trust Co., 281 N. Y. 162). *505 A party which is properly vouched-in and does not undertake the defense of the main action may be bound by the judgment, but if such a party is improperly vouched-in and elects not to undertake a defense he may always raise this as a defense to an action on the judgment. There is no magic ipso facto liability flowing from such a notice. Motion denied, without costs. ’ ’
In the case cited in the foregoing opinion, Cole v. Long Is. Light. Co. (14 A D 2d 922), the Appellate Division of this Department did affirm an order which had dismissed notices of vouching-in against two subcontractors by a general contractor in a negligence action. The court held: “ It is still permissible, notwithstanding the fact that third-party practice is now governed by section 193-a of the -Civil Practice Act, to vouch-in one who is not named as a party to the action. To be effective, however, the notice must be timely and proper, and it must offer to grant control to the vouchee of the defense of the litigation (cf. U. S. Wire & Cable Corp. v. Ascher Corp., 34 N. J. 121; Hartford Acc. & Ind. Co. v. First Nat. Bank & Trust Co. of Hudson, 281 N. Y. 162; Glens Falls Ins. Co. v. Wood, 8 N Y 2d 409.) ” The affirmance by the majority was predicated on the ground that since the notice of vouching-in was served after a first trial at which a jury disagreed, it was not timely. The dissent was predicated on the fact that the second trial did not occur until two months after the jury had disagreed. In the instant action the case has not yet been reached for trial. It would therefore appear that the notice was timely served but that issue, too, must await disposition at the trial of the action for indemnification based on the judgment, if plaintiff prevails, as must also the issue as to whether the city, by omitting to forward the pleadings with the vouching-in notice, has properly offered control of the defense of the litigation to the vouchee (cf. Hartford Acc. & Ind. Co. v. First Nat. Bank, 281 N. Y. 162). Accordingly, the motion is denied.