The WEST INDIAN COMPANY Limited,
Plaintiff,

v.

The S.S. EMPRESS OF CANADA, her
engines, boilers, etc., and the Canadian
Pacific Railway Company, Defendants.

No. 66 Ad. 270.

United States District Court
S. D. New York.

Nov. 27, 1967.

**2**

————◆————

Bleakley, Platt, Schmidt, Hart & Fritz, New York City, for defendants.

Hawkins, Delafield & Wood, New York City, for the Department of Commerce of the Virgin Islands, Clarence Fried, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

On March 17, 1966 plaintiff, The West Indian Company Limited (West Indian), instituted this admiralty action against defendants, The S/S Empress of Canada (the ship) and The Canadian Pacific Railway Company, the owner and operator of the ship. West Indian alleges in its complaint that on March 9, 1966, due to the negligence of those responsible for the navigation of the ship, the ship collided with and damaged two cranes owned and operated by West Indian. At the time, the ship was leaving her berth at West Indian's dock at the port in St. Thomas, Virgin Islands. West Indian seeks to recover some $200,000 for the alleged damage to the cranes.

On June 11, 1967 the defendants served a "vouching in" notice (the notice) by certified mail upon the Department of Commerce of the Virgin Islands (the Department), the Tug Vitow I (the tug), George Ware, the pilot who defendants contend controlled the ship at the time of the collision (the pilot), and others (hereinafter referred to collectively as the vouchees). The notice states:

1) That West Indian has instituted this action against the defendants;

2) That if the defendants are found liable to West Indian or if the defendants otherwise are required to make any payments to West Indian by reason of the collision, then defendants will look to the vouchees for indemnity;

3) That the vouchees have 20 days to appear and assume and control the defense of the action on behalf of the defendants; and,

4) That if the vouchees do not appear in the action and assume the defense thereof, the vouchees will be bound by all proceedings taken by the defendants in the defense and disposition of the action.

Defendants contend that they were not negligent in connection with the collision, that the tug was assisting the ship in leaving her berth, and that the collision was due to the negligence of the pilot (who the defendants say was assigned to them by the Department and whose services they were required to utilize by the rules of the port), or was due to the negligence of the tug and her crew.

The Department moves for an order vacating the notice and for an order pursuant to Rule 12(b), F.R.Civ.P., dismissing the action as to the Department on the ground that the court lacks jurisdiction over it.

The Department contends that the notice must be vacated, first, because it is not authorized by the Federal Rules of Civil Procedure, and second, because under 48 U.S.C. § 1541(b), it is immune from suit in this action, sounding in tort. The defendants and the Department agree that the defendants could not obtain personal jurisdiction over the Department in this court and could not make the Department a third party defendant under Rule 14, F.R.Civ.P.

The common law practice of "vouching in" was used before rules of procedure provided for impleading a third party, and "vouching in" has been largely replaced by modern third party practice. A defendant in an action who wanted to assert a claim against a third party for indemnity, would serve a vouching in notice on that party, giving him notice of the action and offering him the opportunity to appear and defend the action. If the defendant was then found liable in the action, he brought a new action

against the third party for indemnity and, in the absence of fraud or collision, the judgment in the original action was conclusive as to all issues actually determined in that action whether or not the third party appeared and defended. See Aetna Life Ins. Co. v. Maxwell, 89 F.2d 988 (4th Cir. 1937); United States Wire & Cable Corp. v. Ascher Corp., 167 A.2d 633, 636 (N.J.Sup.Ct.1961); 3 Moore, Federal Practice ¶ 14.02[1].

 Although Rule 14, F.R.Civ.P., has ~largely replaced the practice of vouching in, the practice has not been abolished (see 3 Moore, Federal Practice, supra), and on occasion the vouching in notice has been used in the Federal courts (see Hessler v. Hillwood Mfg. Co., 302 F.2d 61 (6th Cir. 1962); Frank R. Jelleff, Inc. v. Pollak Bros., Inc., 171 F.Supp. 467 (N.D.Ind.1957); see also Clinchfield Railroad Co. v. United States Fidelity & Guaranty Co., 160 F.Supp. 337 (E.D. Tenn.1958), aff'd, 263 F.2d 932 (6th Cir. 1959); Mangone v. Moore-McCormack Lines, Inc., 152 F.Supp. 848, 855 (E.D. N.Y.1957) (dicta)), even if jurisdiction could not have been obtained over the party served with the notice. See Hessler v. Hillwood Mfg. Co., supra. Since the vouching in notice has been used in civil actions under the Federal Rules, the unification of admiralty and civil procedure as of July 1, 1966 does not change prior law. For these reasons, the Department is not entitled to have the notice vacated and its motion to vacate the notice is denied.

 The effect that the vouching in notice will have in any subsequent action by the defendants against the Department will be determined by the court in which that action is brought (see Aetna Life Ins. Co. v. Maxwell, supra; Bouleris v. Cherry-Burrell Corp., 45 Misc.2d 318, 256 N.Y.S.2d 537 (Sup.Ct., Rensselaer Co.1964)), and in that action the Department can raise such defenses as immunity from suit or lack of jurisdiction, as well as other defenses it might have. See Aetna Life Ins. Co. v. Maxwell, supra. The Department's liability can only be adjudicated in a court having jurisdiction over the Department and, whether or not the defendants are found liable in this action, no judgment of liability will be entered against the Department. The Department's defense that it is immune from suit should not be determined by this court in this action.

The Department's motion to vacate the notice and to dismiss the action as to it is denied.

It is so ordered.