Bernard S. Meyer, J.
In this action for declaratory judgment, plaintiff moves for summary judgment. The papers establish that plaintiff leased a Chevrolet automobile to Lembo Corp. (the name of which was subsequently changed to W. D. Boceard & Sons, Inc.) under a lease which provided in part that the automobile “ shall be operated by * * * licensed drivers who must be over the age of 25 years ’ ’. With the permission of the president of lessee corporation, his son, Frederick, who was then under 25, operated the vehicle and was involved in an accident which caused bodily injury and property damage to defendants Frigiano. The Frigianos brought suit against plaintiff, as owner of the vehicle, Lembo Corp., as lessee, and Frederick Boceard, as operator.
The lease also provided that ‘ ‘ The Lessor agrees to effect and maintain a standard policy of insurance protecting the interests of the parties to this contract against liability for damage caused by any leased vehicle or its operation”. Notwithstanding that provision, plaintiff’s moving papers state that it is self-insured. The lessee and operator have tendered to plaintiff the defense on their behalf of the Frigiano action. Defendant Michigan Mutual Liability Company issued to lessee corporation a policy of liability insurance covering hired automobiles, but which specified two vehicles other than the Chevrolet. By this action plaintiff seeks judgment declaring (1) that it is not required to defend the lessee or operator or pay any judgment recovered against them, and (2) that Michigan Mutual’s policy furnishes the only coverage for the action, and *858 also asks (though the Frigiano action has not been consolidated with this action) that this court dismiss the Frigiano action as against plaintiff. The lessee corporation and the operator counterclaim for a declaration of rights and for damages for breach of plaintiff’s contract obligation to insure.
Plaintiff is granted partial summary judgment declaring that it is not required to defend the Frigiano action on behalf of the lessee corporation or the operator, but the motion is otherwise denied, and the action is severed and continued except as against Michigan Mutual Liability Company and the Frigianos, as to whom the action is dismissed.
Plaintiff’s status as a self-insurer is not established by the moving papers, for Exhibit B annexed to those papers is not the certificate of self-insurance contemplated by section 316 of the Vehicle and Traffic Law but a blank “ Certificate of Insurance ” form apparently issued by plaintiff to its customers. The omission is not material on this motion, however; for, status as a„ self-insurer, if plaintiff has in fact completed the steps necessary to obtain it, does not constitute plaintiff an insurer of liability other than its own (Ætna Cas. & Sur. Co. v. World Wide Rent-a-Car, 28 A D 2d 286, 288-289). There is, moreover, nothing in the agreement of lease obligating plaintiff to defend any action brought against the lessee or an operator of a car leased by it. That, of course, does not mean that plaintiff may not be required to respond in damages for its failure to obtain the insurance called for by its contract, if the lessee or operator can establish that that breach caused it or him damage. It is more than probable that tender of the defense of the action to plaintiff was made as an effort to vouch-in plaintiff and thus make binding upon plaintiff, in any action for breach of the obligation to insure, the determination made in the Frigianos action. It is, however, well settled that the vouching-in process imposes no obligation to defend, though a party properly vouched-in who does not defend may be bound by the judgment (Bouleris v. Cherry-Burrell Corp., 45 Misc 2d 318, 319-320; Urbach v. City of New York, 46 Misc 2d 503; see Glens Falls Ins. Co. v. Wood, 8 N Y 2d 409; 67 C. J. S., Parties, § 83, p. 1073).
While it follows that plaintiff is entitled to judgment declaring that it is not obligated to defend on behalf of the lessee and operator, it cannot be held on the present papers that plaintiff may not, by reason of its breach of the insurance clause, ultimately be required to pay any judgment obtained by the Frigianos (and the cost of defendant as well). Plaintiff undertook to obtain ‘ ‘ a standard policy of insurance ’ ’ protecting the lessee. Such a policy would, it appears, have covered lessee *859 with respect to anyone operating the vehicle with lessee’s permission, notwithstanding plaintiff’s lease restriction against operators under 25 years of age (Matter of Peters [State Farm Mut. Ins. Co.], 58 Misc 2d 738; see Ætna Cas. & Sur. Co. v. World Wide Rent-a-Car, supra); or, at least, nothing in the present papers establishes that it would not have. The fact that Frederick Boccard was underage, therefore, does not necessarily relieve plaintiff of responsibility for payment of damages to him and to lessee, measured in part by such judgment as the Frigianos may obtain.
As to the Frigianos and Michigan Mutual, the action is, however, dismissed pursuant to the authority granted by CPLR 3212 (subd. [b]). That the term “ owner ” under section 128 of the Vehicle and Traffic Law 11 includes any lessee * * * having exclusive use * * * for a period greater than thirty days ” (emphasis .supplied) does not exclude the title holder as an owner for purposes of section 388 of the Vehicle and Traffic Law; indeed under subdivision 3 of section 388 the liability of plaintiff and Lembo Corp. is “ joint and several ”. Plaintiff may, therefore, be responsible for the Frigianos ’ damages unless the Chevrolet was operated by Frederick Boccard without the permission, express or implied, of plaintiff. That is the very issue to be litigated in the Frigianos ’ action and hence should not be tried in this declaratory judgment action (Downey v. Merchants Mut. Ins. Co., 30 A D 2d 171, affd. 23 N Y 2d 989; see Hinchey v. Sellers, 7 N Y 2d 287, 293-294).
With respect to the relief requested against Michigan Mutual, it is clear from the papers that, plaintiff not being an insurer, no question of joint or excess coverage exists between plaintiff and Michigan Mutual, and that plaintiff, therefore, does not have the direct and immediate right to an adjudication of the coverage afforded Lembo by the Michigan Mutual policy to give it the standing to maintain this action as against the latter (Allstate Ins. Co. v. Passick, 2 A D 2d 391; see Pennsylvania Gen. Ins. Co. v. Government Employees Ins. Co., 208 N. Y. S. 2d 493).
The issues remaining for disposition between plaintiff and defendants Lembo and Boccard concern permission and breach of the insurance clause of the lease. The latter will not mature until determination of the Frigianos ’ action, and the former will be sufficiently litigated in that action to give rise to an estoppel (Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65). On the court’s own motion, trial of this action will, therefore, be stayed until the Frigianos ’ action has been determined.