BAY STATE HEATING & AIR CONDITIONING COMPANY, a Division of Bar-Lynn Company, Inc., Plaintiff, v AMERICAN INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. JOHN F. BUTLER, INC., Third-Party Defendant-Respondent. (And Three Other Actions.)

Fourth Department, December 23, 1980

#### APPEARANCES OF COUNSEL

*McGrath, Meyer, Lieberman & Lipp, P. C. (Howard L. Meyer* of counsel), for American Insurance Company and another, appellants.

*Wegman, Mayberry, Burgess & Feldstein (Richard S. Mayberry* of counsel), for E. G. Snyder Company, Inc., appellant.

*Sutton, De Leeuw, Clark & Darcy (Frank R. Monfredo* of counsel), for John F. Butler, Inc., and another, respondents.

#### OPINION OF THE COURT

WITMER, J.

The question presented on this appeal is whether a motion to intervene in an action should be granted even though

vouching-in notices to movant were improper and subject to dismissal. We answer that in this case it should.

Building Systems Housing Corporation (BSHC) and its surety, parties to these four actions, and E. G. Snyder Co., Inc. (Snyder), would-be intervenor, appeal from an order of Special Term denying Snyder's motion to intervene in all the actions, which grew out of the Keeler Park Construction Project. In 1972 BSHC as general contractor let the plumbing contract to John F. Butler, Inc. (Butler) who in turn sublet parts of it to two other corporations. Because of a dispute, Butler failed to complete its contract. In 1974 BSHC employed Snyder to complete that work, and Snyder did so on a "time and materials" basis, for which it was paid $340,803.

In 1975 Butler sued BSHC for the sum of $553,000 for breach of its contract; and BSHC counterclaimed for the sum of $340,803 which it had paid to Snyder to complete that contract. Butler's two subcontractors also sued BSHC, which in turn brought third-party actions against Butler. In the spring of 1977 the four actions were ordered to be tried jointly. Extensive pretrial proceedings have been had in the cases.

In February, 1980 BSHC and others served four vouching-in notices upon Snyder, one in each action, calling on Snyder "to participate" in and "undertake" part or all of the defense of the actions. In response to those notices Snyder promptly moved to intervene as a party to the actions and to interpose its answers. Butler opposed the motion, but the other parties supported it. Because Snyder had no obligation to Butler, and BSHC had no right of indemnity against Snyder by reason of Butler's action, Special Term denied the motion. It also found that BSHC's claim against Snyder rested on its counterclaim against Butler, and that it was improper for BSHC to vouch-in Snyder by reason of that counterclaim, which would constitute an extension of the common-law doctrine of vouching-in.

Although not necessary for the decision of this appeal, we note our agreement with Special Term that the vouching-in doctrine should not be extended (see *Glens Falls Ins. Co. v Wood*, 8 NY2d 409, 412; *Hartford Acc. & Ind. Co. v First*

*Nat. Bank & Trust Co. of Hudson*, 281 NY 162, 169; and, see *Cohen Agency v Perlman Agency*, 51 NY2d 358, 364-365). Moreover, since the notices to vouch-in were served four and one-half years after the actions were begun and two and one-half years after they were joined for trial, the notices were subject to a motion to dismiss as untimely *(Cole v Long Is. Light. Co.*, 14 AD2d 922; see *Urbach v City of New York*, 46 Misc 2d 503, 504; *Bouleris v Cherry-Burrell Corp.*, 45 Misc 2d 318, 319; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C1007:1, p 33; but cf. 3 Carmody-Wait 2d, § 19:132, p 407). Such motion was not made.

In our view, however, the impropriety of the notices to vouch-in is not determinative of Snyder's motion to intervene. Provision for intervention is made in CPLR 1012 and 1013, which respectively provide for intervention as a matter of right or as a matter of discretion of the court. Those provisions should be liberally construed *(Plantech Housing v Conlan*, 74 AD2d 920; *Nardone v Fierberg Co.*, 40 AD2d 60; see *Matter of Cavages, Inc. v Ketter*, 56 AD2d 730, 731; Siegel, New York Practice, § 180, p 220; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C1012:13, p 152).

Such construction will reduce multiplicity of lawsuits by disposing of common questions of fact and law in one action *(Cohen Agency v Perlman Agency*, 51 NY2d 358, *supra; Krause v American Guar. & Liab. Ins. Co.*, 22 NY2d 147, 153) and will avoid different results in the determination of essentially the same issues.

On the trial of these actions questions as to the need for Snyder's work, whether it was provided for in the main contract, whether Snyder claimed to have done work that Butler had done, and the reasonableness of Snyder's charges and the payments made to it by BSHC are some of the issues which may arise and be more fairly and expeditiously resolved if Snyder is a party. We conclude that Special Term erred in denying the motion.

The order should, therefore, be reversed and the motion to intervene should be granted.

150

Hancock, Jr., J. P., Schnepp, Callahan and Doerr, JJ., concur.

Order unanimously reversed, with costs, and motion granted.