OPINION OF THE COURT
Martin B. Stecher, J.
The petitioner, an architectural firm, seeks judgment "pursuant to section 7503” of the CPLR "permanently staying all arbitration proceedings, as against Petitioner, pursuant to a purported Notice of Vouching-in into an arbitration between Long Island Jewish-Hillside Medical Center [LIJH] and W.J. Barney Corporation”.
On or about July 10, 1975, the petitioner entered into a contract with LIJH to provide architectural and related services with respect to the expansion of an ambulatory care service area at the Medical Center. The respondent Barney was engaged by the Medical Center to perform construction work on the expanded unit. Barney commenced an arbitration proceeding against the Medical Center seeking a sum in excess of $1,700,000, the basis for which, according to the Medical Center’s attorneys, is not revealed in the demand for arbitration. It is the contention of the Medical Center, however, that Barney revealed to Medical Center and the Medical Center revealed to the petitioner, that the claim arose out of the delays caused by the petitioner and the petitioner’s consulting engineers. By letter dated August 16, 1985, the attorneys for the Medical Center, by certified mail, served a letter upon the petitioner stating that "in view of the fact that Barney’s claims against the Medical Center in this proceeding are based on alleged inadequate design and other acts and omissions of [petitioner] the Medical Center is entitled to indemnification * * * Accordingly, on behalf of the Medical Center we hereby vouch you into the arbitration proceeding and tender to you the defense against Barney’s claims”.
The petitioner seeks to "stay” arbitration because, it alleges:
1. Although its contract with the Medical Center provides for arbitration, it prohibits consolidation of such arbitration proceeding with any other arbitration proceeding.
2. The arbitration between Barney and the Medical Center has already begun in that arbitrators have been selected.
3. The Medical Center has "waived a significant right of’ the Medical Center, that is, the right to select its own arbitra *828 tor, thereby depriving petitioner of the right "to control the defense”. It is alleged that the Medical Center has waived the right of the parties to each designate an arbitrator and agreed to have the American Arbitration Association appoint independent arbitrators.
4. That not being the Medical Center’s indemnitor, vouching-in is inappropriate; that is, nonindemnification items are involved between Barney and the Medical Center.
"Vouching-in”, although " little used’ ” since the advent of third-party practice (Urbach v City of New York, 46 Misc 2d 503, 504), is a common-law procedure in which a defendant, by notifying his indemnitor of a pending suit and offering him its defense, creates, by the judgment which may be rendered against the defendant, a determination of issues as binding on the indemnitor as on the defendant, whether or not the indemnitor has undertaken to participate in the suit (Lord & Taylor v Yale & Towne Mfg. Co., 230 NY 132; Oceanic Steam Nav. Co. v Campania Transatlantica Espanola, 144 NY 663; Bouleris v Cherry-Burrell Corp., 45 Misc 2d 318).
As was said in the Lord & Taylor case (supra, p 138) "The rule is that 'If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.’ ” Beyond these constricted limits vouching-in will not lie (Hartford Acc. & Indem. Co. v First Natl. Bank & Trust Co., 281 NY 162).
The contract between petitioner and the Medical Center contained the following arbitration clause: "All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of or relating to this Agreement, shall include, by consolidation, joinder or in any other manner, any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by all the parties hereto”.
*829 The same contract contained the following language (art 15) as well: "It is expressly understood that the Architects shall indemnify and save harmless the Medical Center from and against all expenses, including but not limited to, claims, liabilities, penalties, losses, fines, attorney’s fees and judgments resulting from the negligent performance of the services of the Architects, their agents, servants and employees under this Agreement”.
The Medical Center could, of course, have commenced its separate arbitration against the petitioner and, absent the anticonsolidation clause, sought to consolidate the two arbitrations; but in view of the express prohibition contained in their contract, consolidation was impossible (County of Sullivan v Nezelek, Inc., 42 NY2d 123, 128). We may reasonably assume that it is for this reason the Medical Center resorted to "vouching-in”.
Vouching a party into an action does not make him a party to that action. "It is * * * well settled that the vouching-in process imposes no obligation to defend, though a party properly vouched-in who does not defend may be bound by the judgment” (Location Auto Leasing Corp. v Lembo Corp., 62 Misc 2d 856, 858). Vouching-in "does not have the effect of process so that if the notice were proper in all respects, as required by law, the [defendant] could not have judgment over, if entitled thereto, as in the case of a third-party complaint — but would be required to commence a new action” (Urbach v City of New York, supra, p 504). In short, assuming the availability of involuntary vouching-in an arbitration proceeding, its effect is not to make the petitioner a party to the arbitration but to offer him an opportunity to defend the claim against the Medical Center, an offer which the Medical Center obviously hopes the petitioner can’t refuse.
Technically, therefore, not being a party to the arbitration, the petitioner is in no position to petition for its stay; for no award can be rendered against this nonparty and no judgment entered as a consequence of the award can be a judgment against the petitioner. It is apparent, therefore, that the relief sought in the petition, a stay of arbitration, is not available because there is no arbitration sought against the petitioner (see, CPLR 7503 [b]).
To merely dismiss the petition on the foregoing ground, however, is to suggest to the petitioner that it engage in a form of Russian roulette, namely, wait until the arbitration *830 proceeding is over and a new proceeding is commenced against it to discover whether it was properly vouched-in to the arbitration in the first instance. Yet, such is the usual situation. As was pointed out by Justice Foster in Bouleris v Cherry-Burrell Corp. (supra, p 319): "Nevertheless there is no precedent that I have discovered, and none has been cited, for an order vacating a 'vouching-in notice’, and the nature of such a notice would seem to preclude such a motion except where the notice is clearly untimely served (cf. Cole v. Long Is. Lighting Co., 14 A D 2d 922). In substance vouching-in is simply a notice that an action is pending, and an offer to the vouchee to come in and defend, in default thereof the voucher will hold him liable. The procedure is very informal, no particular language is required and the notice may be written or oral (2 Carmody-Wait, New York Practice, p. 653). In view of this, an order to vacate would be futile. A notice and an offer of this kind cannot be stopped or vacated at this stage of the litigation.”
The reason for such a consequence is readily apparent from the nature of the vouching-in process itself. It is only available in a lawsuit where the defendant is entitled to complete indemnification and the only issues tried in the underlying suit are those which pertain to liability of the defendant for which it is entitled to indemnity (Lord & Taylor v Yale & Towne Mfg. Co., supra; Oceanic Steam Nav. Co. v Campania Transatlantica Espanola, supra). It is obviously impossible or at least impracticable to determine prior to the trial of an action, whether or not a defendant is required to defend " 'solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own’ ” (Lord & Taylor v Yale & Towne Mfg. Co., supra, p 138). Such a determination must await the actual trial and outcome of the underlying case; and this court, therefore, is in no position, on these papers, to make such a determination.
The petitioner, however, indicates it has other grounds for relief; namely, that the Medical Center has "already commenced” its arbitration with Barney; and that it has waived a "significant right”. The Medical Center disputes these contentions, denying that the arbitration "has already commenced” or that the hospital "has already waived a significant right”. Faced with such a conflict, the court’s only method of resolving it would be not on papers but at a hearing where, no doubt, the issue of materiality would also be raised.
The power of the court to involve itself prior to an award is *831 limited to a few statutory situations, such as the Statute of Limitations (CPLR 7502 [b]) or the absence of an arbitration agreement (CPLR 7503). Under the facts of this case we would be required to hold preliminary hearings to determine whether or not the vouching-in had not been waived by the person seeking it. More significantly, whether or not the arbitration "has already commenced” and whether or not whatever has been waived is "a significant right of Long Island Jewish Hospital”, can only be ascertained in the context of the trial or arbitration itself. It cannot be determined adequately in a pretrial proceeding. Whether trial or arbitration, it appears inappropriate to hold a preliminary trial to determine what the effect of the subsequent trial shall be. This, presumably, is the reason that courts could find no precedent for vacating a vouching-in notice (Bouleris v Cherry-Burrell Corp., supra; Urbach v City of New York, supra).
In Bouleris, however, Justice Foster recognized an exception to this rule and that is "where the notice is clearly untimely served” (45 Misc 2d, at p 319, citing Cole v Long Is. Light. Co., 14 AD2d 922).*
I do not believe that these cases stand for the proposition that judicial intervention is unavailable in a vouching-in situation prior to the trial of the underlying action, except in the case of a patently late vouching-in notice. Rather their teaching seems to be that where the facts necessary to determine the issues must await the trial of the underlying case, or where evidentiary hearings must be held which may prove ineffective in the absence of the trial record, that the court should not interfere with the vouching-in process. Conversely, it would seem that where the essential facts are not in dispute and, as a matter of law, vouching-in is inappropriate the court may declare such consequence. In short, what petitioner is really seeking here is a declaratory judgment (see, CPLR 103 [c]; 3001). The facts essential to make such a determination *832 are before the court and are not in dispute. Those facts are: petitioner and Barney each have a separate contract with the Medical Center involving the construction of the Medical Center addition; each of those contracts contains an arbitration clause; the petitioner’s arbitration clause expressly bars any consolidation of an arbitration between petitioner and the Medical Center with any other arbitration; the Medical Center has not sought to arbitrate its dispute with the petitioner; Barney has commenced an arbitration proceeding against the Medical Center; and the Medical Center has sought to vouch the petitioner into that arbitration.
Absent a contract permitting vouching-in (Matter of Perkins & Will Partnership [Syska & Hennessy] 50 AD2d 226, appeal dismissed 39 NY2d 828, affd 41 NY2d 1045) or, possibly, a statute making arbitration the sole remedy (see, e.g., Matter of Criterion Ins. Co. [Commercial Union Assur. Co.], 89 Misc 2d 36), an indemnitor may not be vouched into an arbitration proceeding. Although vouching-in does not make one a party to the proceeding, it is equally true that in a proper case vouching-in will have claim preclusion effect. "It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim and that the action is pending with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record” (Oceanic Steam Nav. Co. v Companía Atlantica Espanola, supra, p 665; to the same, see, Lord & Taylor v Yale & Towne Mfg. Co., supra, p 138; Location Auto Leasing Corp. v Lembo Corp., supra). Although the petitioner agreed to submit its disputes with the Medical Center to arbitration it has expressly rejected submitting to arbitration any dispute where another’s claims are also being arbitrated.
"It has long been the rule in this State that the parties to a commercial transaction 'will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence of an express, unequivocal agreement to that effect; absent such an explicit commitment neither party may be compelled to arbitrate’ * * * The reason for this requirement, quite simply, is that by agreeing to arbitrate a party waives in large part many of his normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of *833 anything less than a clear indication of intent” (Matter of Marlene Indus. Corp. [Carnac Textile], 45 NY2d 327, 333-334).
Plaintiff has not agreed to participate in this arbitration.
Among the rights which are given up in arbitration is the right to have one’s claims adjudicated by a jury. It has been held that because the Court of Claims does not have jury trials vouching-in cannot be utilized in a Court of Claims action (People v Delaware & Hudson R. R. Corp., 42 AD2d 618). Similarly, it has been held that arbitration "is a proceeding without the advantages of a court trial, one being the presence of a jury” and that vouching-in is unavailable, therefore, in an arbitration (Sea Ins. Co. v U. S. Fire Ins. Co., 71 AD2d 51, 54).
As indicated above it is otherwise where by contract among the parties one not a party to an arbitration is bound by the award in the underlying dispute. In Perkins & Will (supra) the general contractor initiated an arbitration proceeding against the owner who in turn initiated his own arbitration against Perkins & Will as architects. There the proceedings were consolidated; and the architect vouched-in the consulting engineers. The contract between the architect and the consulting engineers provided in part " '[a]ny decision or determination resulting from arbitration between the Architect and the Owner which relates to the Consultant’s services * * * shall be binding upon the Consultant, provided that the Consultant has been afforded the opportunity to participate in the arbitration.’ ” (Supra, p 1046.) The Court of Appeals (41 NY2d 1045, 1046) observed that "[u]nder the agreements in issue in the case now before us, the Appellate Division was correct in its determination that the respondents had not agreed to submit this dispute to arbitration and that the architect’s exclusive remedy was to vouch in the engineers in the ongoing arbitration between the owner and the architect.”
Accordingly, the petition for a stay of arbitration is converted (CPLR 103 [c]) into an action for a declaratory judgment (CPLR 3001) and there being no dispute that Perkins & Will has not agreed to be vouched into the arbitration between the Medical Center and Barney a judgment shall be entered declaring that the effort to vouch-in Perkins & Will into the said arbitration is a nullity.
(The papers submitted on behalf of Loring & Associates have been disregarded. They are not parties to this proceeding; and when their attorney, on oral argument, was asked if *834 he wished to intervene, he declined. The law recognizes interveners [CPLR 1012 et seq.] but not interlopers.)

 In Cole v Long Is. Light. Co. (14 AD2d 922), the defendant general contractor asserted a third-party complaint against two subcontractors. The trial court severed the third-party action; the action of the plaintiff against the general contractor went to trial and resulted in a jury disagreement. Thereafter, prior to the second trial, the general contractor sought to consolidate the main action with third-party action and his motion was denied. The general contractor then served a vouching-in notice on the subcontractor and these notices were vacated by the Trial Judge. The Appellate Division held that "[u]nder the circumstances here, we believe that the vouching-in notice was properly vacated * * * To be effective, however, the notice must be timely and proper” (14 AD2d 922).