■ MARIE CASTIGNOLI et al., Plaintiffs, v MAMMO VAN GUARD et al., Respondents, et al., Defendant, and DAVID GIARDINA, Nonparty Appellant. [661 NYS2d 280] —In an action to recover damages for medical malpractice, in which the defendants Mammo Van Guard and Martin D. Ecker served a "notice of vouching in" upon David Giardina, David Giardina appeals (1) from an order of the Supreme Court, Nassau County (Collins, J.), dated July 30, 1996, which denied his motion to vacate the "notice of vouching in" and, (2) as limited by his brief, from so much of an order of the same court dated December 6, 1996, as, upon the granting of his motion, in effect, for reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 30, 1996,

is dismissed, as that order was superseded by the order dated December 6, 1996, made upon reargument; and it is further,

Ordered that the order dated December 6, 1996, is reversed insofar as appealed from, the order dated July 30, 1996, is vacated, and the motion to vacate the notice of vouching in is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

In order for a party to vouch in another individual or entity, the notice of vouching in "must be timely and proper, and it must offer to grant control to the vouchee of the defense of the litigation" (*Cole v Long Is. Light. Co.,* 14 AD2d 922; *see also, United N. Y. Sandy Hook Pilots Assn. v Rodermond Indus.,* 394 F2d 65, 72-73; 3 Carmody-Wait 2d, NY Prac § 19:175, at 556; 82 NY Jur 2d, Parties, § 186; Restatement of Judgments § 107; *cf., Bay State Heating & Air Conditioning Co. v American Ins. Co.,* 78 AD2d 147, 149).

Here, the record indicates that the notice of vouching in was served some four months after the note of issue and certificate of readiness for trial were served. Further, all depositions had been completed some 10 months prior to the service of the notice of vouching in. Under these circumstances, we find that the notice of vouching in was untimely (*Cole v Long Is. Light. Co., supra*).

In light of our determination that the notice of vouching in was untimely, we do not pass upon the question whether the vouching in procedure was applicable in this matter. Thompson, J. P., Joy, Altman and Florio, JJ., concur.