■ VICTOR LA MAINA, Respondent, v NATHAN'S FAMOUS, INC., Respondent, et al., Defendants, and NATIONAL UNION FIRE INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [807 NYS2d 640]—

In an action to recover damages for personal injuries, etc., National Union Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered August 22, 2003, as denied its motion pursuant to CPLR 5015 (a) to vacate a prior order of the same court dated December 3, 1999, which, upon its default,

granted the plaintiff's motion to declare it a "vouched in" defendant liable to the plaintiff for any monetary award obtained by the plaintiff against the defendants Nathan's Famous, Inc., and Frankly Delicious of Levittown, Inc.

Ordered that the order entered August 22, 2003 is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the appellant's motion to vacate is granted, the order dated December 3, 1999 is vacated, and the plaintiff's motion is denied.

Under the circumstances of this case, the motion of the defendant National Union Fire Insurance Company (hereinafter National Union) to vacate its default in opposing the plaintiff's motion to declare it a "vouched in" defendant should have been granted. The record demonstrates that National Union was never served with the motion papers which resulted in the order dated December 3, 1999 or the "notices of vouching in" (*see Loria v Plesser*, 267 AD2d 213 [1999]; *Drummond v Petito*, 253 AD2d 407 [1998]).

The essentials of vouching in have been stated as follows: "A named defendant who would have another (not yet a party) bound by judgment in an action must by proper notice offer to him [or her] control of the defense of the litigation" (*Hartford Acc. & Indem. Co. v First Natl. Bank & Trust Co.*, 281 NY 162, 168 [1939]; *see Glens Falls Ins. Co. v Wood*, 8 NY2d 409, 412 [1960]). "To be effective . . . the notice must be timely and proper, and it must offer to grant control to the [indemnitor] of the defense of the litigation" (*Cole v Long Is. Light. Co.*, 14 AD2d 922 [1961]; *see Castignoli v Van Guard*, 242 AD2d 357 [1997]). Here, none of these requirements were met. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.