[No. 14692.   Department Two.   June 17, 1918.]

WHATCOM TIMBER COMPANY, *Appellant,* v.
CHARLES WRIGHT, *Respondent.*[1]

COVENANTS — OF SEIZIN — ACTION FOR BREACH — LIMITATION OF
ACTIONS. A covenant of seizin is broken at the moment it is made,
if there could be no seizin by grantee, and the statute of limitations
commences to run immediately.

SAME—WARRANTY—ACTION FOR BREACH—LIMITATIONS. Covenants
of warranty and quiet possession of land the title to which was in
the United States and in the possession of third persons, are broken
when made without further acts of the parties, and the statute of
limitations against an action for breach commences to run from
the date of the deed.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered October 19, 1917,
upon sustaining a demurrer to the complaint, dismis-
sing an action for breach of covenant. Affirmed.

*Jesse A. Frye,* for appellant.

*Hartman & Hartman,* for respondent.

HOLCOMB, J.—Appellant brought this action to re-
cover damages from respondent for breach of the cove-
nants of warranty contained in a deed from re-
spondent to appellant of certain land in Whatcom
county. The amended complaint, after alleging corpo-
rate capacity, is as follows:

"(2) That on March 14th, 1902, the defendant, in
consideration of the sum of six and 50-100 ($6.50) dol-
lars per acre, to him in hand paid by the plaintiff, con-
veyed and granted to plaintiff by deed, together with
other real estate located in Whatcom county, Wash-
ington, the following: [Description omitted] and which
said deed was, on March 15, 1902, filed by the auditor
of Whatcom county, Washington, and recorded in Vol.
61 of Deeds, page 210 of the records of said Whatcom

[1]Reported in 173 Pac. 724.

county; and in his said deed said defendant warranted to this plaintiff that he had good title in fee simple to said property, and would warrant and defend plaintiff in its possession of same.

"(3) That defendant had not, at the time of the execution and delivery of said deed, a good and sufficient title in fee simple to said premises, but same were owned by the United States of America and in the possession of the following persons, to wit: The first described tract of land was in the possession of Nicholas Baker, and the second described tract of land was in the possession of Charles Schwab, and that, by reason of the fact that defendant was not the owner of said lands, plaintiff was, on the 6th day of October, 1910, ousted and dispossessed of the first described tract of land by due course of law, and ousted and dispossessed of the second described tract of land on the 12th day of April, 1912; and each of the owners of said tracts have, since said respective dates, held and still continue to hold plaintiff out of the possession of said lands.

"(4) That plaintiff has been compelled to pay and lay out costs and charges and counsel fees in defending title to said lands to the amount of six hundred sixteen and 73-100 dollars.

"Wherefore plaintiff prays," etc.

A demurrer, on the grounds that the complaint did not state facts sufficient to constitute a cause of action and that the action has not been commenced within the time limited by law, was sustained. The ruling in this respect, as well as the judgment of dismissal on the refusal of the appellant to plead further, is assigned as error, and they will be considered together.

The deed in question contained the three covenants —of title in fee simple, of warranty, and of quiet possession. The first is a covenant of seizin and was broken the moment it was made, if there could be no seizin by grantee. *Tingley v. Fairhaven Land Co.,* 9 Wash. 34, 36 Pac. 1098; *Potwin v. Blasher,* 9 Wash. 460, 37 Pac. 710; *Decker v. Schulze,* 11 Wash. 47, 39 Pac. 261,

48 Am. St. 858, 27 L. R. A. 335; *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462.

The last two covenants are covenants *in futuro,* and the statute of limitations begins to run from the time they are broken. The precise time when these covenants were broken and when the statute began to run is the controlling question to be decided. The appellant alleges that, at the time the deed was executed and delivered, the title was in the United States, and possession was in one Baker and in one Schwab. Appellant did not obtain possession, and, therefore, the general rule, that the warranty is not broken until eviction or some substantial interference with the possession, is not applicable in this case. The deed was a nullity *eo instanti;* only a color of title which could in some cases ripen into a good title by possession for the statutory period. If, at the time the deed is executed the premises are in the possession of third persons claiming under a superior title and grantee cannot be put into possession, the covenant of warranty is broken when made, without any further acts of the parties.

*Ilsley v. Wilson,* 42 W. Va. 757, 26 S. E. 551, is decisive on the point that if land conveyed by general warranty is in adverse possession under paramount title at the execution of the deed, the grantee's eviction dates, and the statute of limitations against an action for breach of warranty runs, from the date of the deed. In *Pevey v. Jones,* 71 Miss. 647, 16 South. 252, 42 Am. St. 486, the facts are almost identical with those in this case. The court said:

"As to the land belonging to the United States, the covenant of warranty was broken the instant it was made, and a right of action on it then accrued, and was barred when this action was commenced. The true doctrine is that the United States are always seized of their lands, and cannot be disseized as private owners may be; that land belonging to the United States can-

not lawfully be the subject of sale and conveyance by individuals, so as to confer any right; that a grantee of such land by another than the United States cannot take possession without becoming a wrong-doer, and liable to summary ejection; and, therefore, that a covenant of warranty, in a conveyance of land belonging to the United States, must be viewed differently from one where the ownership is by a private person; that the grantee is not required to take possession, or attempt to get it, and that a right of action immediately accrues to recover for a breach of the warranty, not dependent on any future event, but fixed by the fact of ownership of the land by the government. In this case, the grantee acquired nothing whatever as to the land owned by the United States; and, by virtue of the transaction, his vendor, on receipt of the purchase money, thereby at once became liable to him for money received to his use.''

We are obliged to hold that appellant's cause of action existed at the time the deed was executed and is now barred by the six-year statute of limitations. The ruling of the trial court on the demurrer and entering judgment of dismissal was proper. Affirmed.

Main, C. J., Mount, Chadwick, and Mackintosh, JJ., concur.