[No. 249-3. Division Three. April 15, 1971.]

PAUL DIXON, *Plaintiff*, v. FIAT-ROOSEVELT MOTORS, INC., *Respondent*, AMERICAN RACING EQUIPMENT CO., *Appellant*.

*Edwin R. Roberts* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for appellant.

*Brian B. Kennedy* and *Robert E. Stoeve* (of *Turner, Stoeve & Layman*), for respondent.

MUNSON, C.J.—American Racing Equipment Co. (A.R.E.), third-party defendant, appeals from a summary judgment in favor of Fiat-Roosevelt Motors, Inc. (Fiat), third-party plaintiff.

The following is a chronology of the pertinent events underlying the instant litigation:

May 7, 1969 Paul Dixon purchased a Fiat sports automobile equipped with mag wheels from Aurora Imports, Inc. (Aurora). The automobile and wheels were distributed through Fiat. The mag wheels were manufactured by A.R.E., whose headquarters and plant are located in California.

May 22, 1969 Dixon was injured in a 1-car accident while driving the Fiat.

September 10, 1969 Dixon served a complaint upon Aurora seeking recovery for injuries caused by an allegedly defective mag wheel.

September 25, 1969 Aurora tendered defense of the action to A.R.E. A.R.E. did not respond.

October 7, 1969 Dixon served a complaint upon Fiat.

October 21, 1969 the trial court ordered an early trial setting since Dixon was a terminal cancer case.

October 23, 1969 a "strategy" meeting was held with counsel for Aurora and Fiat, with A.R.E. in attendance.

October 24, 1969 Fiat tendered defense of Dixon's action to A.R.E. A.R.E. did not respond.

October 27, 1969 Fiat filed a third-party complaint against A.R.E. for indemnification in the event of recovery by Dixon.

November 10, 1969 jury trial commenced involving parties Dixon, Aurora and Fiat.

November 14, 1969 the jury rendered a verdict against Aurora with verdict over against Fiat.

November 20, 1969 judgment was entered against Fiat.

January 20, 1970 A.R.E. answered Fiat's third-party complaint.

February 11, 1970 Fiat moved for summary judgment on the third-party complaint.

April 7, 1970 an order granting summary judgment was filed.

The theory underlying the trial court's order granting summary judgment was the applicability of collateral estoppel to preclude A.R.E. from relitigating in the third-party indemnification action issues determined in the Dixon-Aurora-Fiat suit.[1]

■ Assuming arguendo the legal propriety of the trial court's rationale[2]—an issue we do not consider—collateral-estoppel effect applies only to those issues which were actually litigated and determined in a prior suit. *Lucas v.*

[1]The use of collateral estoppel where the indemnitee has tendered defense of the original claim to an indemnitor and the latter has failed to respond is approved by Restatement of Judgments § 107, comment *h* (1942).

[2]*Cf. Alaska Pac. S.S. Co. v. Sperry Flour Co.*, 107 Wash. 545, 182 P. 634, 185 P. 583 (1919).

*Velikanje,* 2 Wn. App. 888, 471 P.2d 103 (1970); *Henderson v. Bardahl Int'l Corp.,* 72 Wn.2d 109, 431 P.2d 961 (1967); 2 Orland, Wash. Prac. § 387 at 417 (1965).

The sole issue[3] A.R.E. seeks to litigate in the present action is whether the defective condition of the wheel which caused Dixon's injury was present at the time it left the manufacturer's control. Based upon the record before us, we agree with A.R.E. that this issue was not submitted to the jury in the previous trial and remains an issue of material fact. Consequently, the granting of summary judgment was error. See *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970); *Clarkston Community Corp. v. Asotin County Port Dist.,* 3 Wn. App. 1, 472 P.2d 558 (1970); Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington,* 45 Wash. L. Rev. 1 (1970).

Judgment is reversed and the case is remanded for trial.

GREEN and EVANS, JJ., concur.

---

[3] A.R.E. does not contend the defectiveness of the mag wheel or the possibility of Dixon's contributory negligence should be relitigated in the third-party action between Fiat and A.R.E.