[No. 584-3.    Division Three.    April 11, 1973.]

PAUL DIXON, *Plaintiff*, v. FIAT-ROOSEVELT MOTORS, INC., *Respondent*, AMERICAN RACING EQUIPMENT Co., *Appellant*.

*Edwin R. Roberts* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for appellant.

*Brian B. Kennedy* (of *Turner, Stoeve, Gagliardi & Kennedy*), for respondent.

MUNSON, J.—American Racing Equipment Co. (A.R.E.), a third-party defendant, again appeals a judgment in favor of Fiat-Roosevelt Motors, Inc. (Fiat), third-party plaintiff. On November 20, 1969, judgment was entered for original plaintiff, Paul Dixon, and against defendant Fiat. On April 7, 1970, the trial court granted Fiat summary judgment against A.R.E. on its third-party complaint. This order was appealed and on April 15, 1971, this court filed an opinion reversing the order granting summary judgment and re-

manding the case for retrial. *Dixon v. Fiat-Roosevelt Motors, Inc.,* 4 Wn. App. 731, 483 P.2d 855 (1971). Upon remand, the trial court again granted judgment as a matter of law for Fiat.

In reversing the order granting summary judgment in *Dixon,* we stated:

> The sole issue A.R.E. seeks to litigate in the present action is whether the defective condition of the wheel which caused Dixon's injury was present at the time it left the manufacturer's control.

(Footnote omitted.) Upon remand, Fiat made a motion in limine requesting the evidence in the case be limited to the sole issue outlined above. The trial court thereupon entered judgment as a matter of law against A.R.E. based essentially upon the following finding:

> At the time of the original trial, the only defect in the wheel demonstrated to the jury was excessive gas porosity in the alloy. In the jury trial brought by Paul Dixon, the jury, under the evidence, had only two choices: 1) They could have found that this accident occurred due to misuse of the wheel; or 2) That the accident occurred as a result of the defective wheel, which defect was that the wheel contained excessive gas porosity at the time of manufacture. The jury, in granting judgment to the plaintiff, necessarily found the latter. American Racing Equipment Company has advised the Court that it has no proof that such defect (excessive gas porosity in manufacture) occurred after the vehicle left the manufacturer.

The trial court then concluded the sole question sought to be determined upon remand had in fact been determined at the first jury trial insofar as A.R.E. had no proof that the defect, *i.e.,* gas porosity, occurred after the wheel left the manufacturer. Fiat was again granted judgment.

We do not so understand the issues; nor did we so understand those to be the issues on the previous appeal. Apparently, we did not clearly set out the scope of the issue to be determined upon our prior remand; we will attempt to do so now.

In the prior appeal Fiat argued that A.R.E. was bound by the prior litigation under the doctrine of collateral estoppel.

Fiat argued further that they had tendered the defense of this action to A.R.E. prior to serving them as a third-party defendant and such a tender precluded A.R.E. from relitigating this action. Inasmuch as there are references to these same arguments at the present time, we shall discuss them.

A.R.E. still agrees that the issue of defectiveness of the wheel and the issue of Dixon's contributory negligence should not be relitigated in this third-party action. A.R.E. does contend they should be allowed to present evidence to show that the defect was due to something other than excessive gas porosity and that the defect did occur after it left A.R.E.'s control. We agree.

We shall first discuss the issue of the alleged tender of defense to A.R.E. Original plaintiff Dixon served his complaint upon Aurora Imports, Inc. (Aurora) on September 10, 1969; Aurora in turn tendered that defense to A.R.E. on September 25. On October 7, Dixon served a complaint upon Fiat and on October 21, the trial court ordered an early trial. On October 23, a strategy session was held with counsel for Aurora and Fiat with A.R.E. represented. On October 24, Fiat tendered its defense to A.R.E. On October 27, Fiat filed a third-party complaint against A.R.E. for indemnification and on November 10 the jury trial commenced without participation by A.R.E.

■ For purposes of this opinion, we assume that A.R.E.'s failure to respond to the tender of defense was a refusal to accept said defense. The tender of defense spoken of is equivalent to "vouching in", a common-law device by which a defendant notifies another (1) of the pendency of the suit against him, (2) that if liability is found, the defendant will look to the vouchee for indemnity, (3) that the notice constitutes a formal tender of the right to defend the action, and (4) that if the vouchee refuses to defend, it will be bound in a subsequent litigation between them to the factual determination necessary to the original judgment. *Hessler v. Hillwood Mfg. Co.*, 302 F.2d 61 (6th Cir. 1962); *Frank R. Jelleff, Inc. v. Pollak Bros.*, 171 F. Supp.

467 (N.D. Ind. 1957); *Liberty Mut. Ins. Co. v. J.R. Clark Co.,* 239 Minn. 511, 59 N.W.2d 899 (1953); 42 C.J.S. *Indemnity* § 32, at 616 (1944).[1] The vouching-in device is in addition to and does not override the third-party practice authorized by CR 14. *See* 1B J. Moore, *Federal Practice* ¶ 0.405[9], at 773-78 (1965), 3 J. Moore, *Federal Practice* ¶ 14.02[1], note 5, at 432 (1963).

■ In the instant action we are convinced the tender of defense from Fiat to A.R.E. did not bind A.R.E. to the factual determination necessary to the original judgment against Fiat. We are not persuaded that A.R.E. was given adequate notice of the tender of defense to so bind them. The tenders of defense from Aurora and Fiat to A.R.E. were, respectively, on September 25 and October 24, 1969. Trial commenced on November 10, 1969. Oral argument before this court indicated that a request for continuance was denied by the trial court and a speedy trial was ordered so as to allow Dixon his day in court in light of his terminal illness. Because of this accelerated trial date, A.R.E. was not given sufficient notice of the pending litigation to allow it to prepare a defense.

Tests on the alleged defective wheel and the assemblage of expert testimony would be required to properly defend in this action. Furthermore, A.R.E. is a California-based manufacturer, a fact which additionally complicates the difficulty of preparing a defense and necessitates an even earlier advance notice of tender of defense. Consequently, the notices sent to A.R.E. were not timely to tender the defense to A.R.E. and bind it to the results of the initial trial.

■ Furthermore, even assuming that the notice of tender was timely, we hesitate to apply the tender of defense doctrine. Before the common-law vouching-in device

---

[1] *See also Humble Oil & Ref. Co. v. Philadelphia Ship Maintenance Co.,* 444 F.2d 727 (3d Cir. 1971); *Clarke v. Fidelity & Cas. Co.,* 55 Misc. 2d 327, 285 N.Y.S.2d 503 (1967); *West Indian Co. v. S.S. Empress of Canada,* 277 F. Supp. 1 (S.D.N.Y. 1967); *Urbach v. New York,* 46 Misc. 2d 503, 259 N.Y.S.2d 975 (1965); *Bouleris v. Cherry-Burrell Corp.,* 45 Misc. 2d 318, 256 N.Y.S.2d 537 (1964).

can be used to bind a nonappearing party in an instance such as presently before us, the facts at the time of the tender of defense must demonstrate that liability would eventually fall upon the indemnitor, thereby placing it under a duty to defend. *Glick v. White Motor Co.*, 458 F.2d 1287, 1292 (3d Cir. 1972); *Humble Oil & Ref. Co. v. Philadelphia Ship Maintenance Co.*, 444 F.2d 727 (3d Cir. 1971). This is most readily seen in matters involving insurance policies and other contractual agreements. *Cf. Northern Pac. Ry. v. National Cylinder Gas Div.*, 2 Wn. App. 338, 467 P.2d 884 (1970); *L.J. Dowell, Inc. v. United Pac. Cas. Ins. Co.*, 191 Wash. 666, 72 P.2d 296 (1937); *O'Toole v. Empire Motors, Inc.*, 181 Wash. 130, 42 P.2d 10 (1935); *Abrahamson v. Burnett*, 157 Wash. 668, 290 P. 228 (1930).

The tender in the instant case did not demonstrate that A.R.E. would eventually be liable for plaintiff's injury if Fiat was found liable. The instant action was based upon strict liability. *See Ulmer v. Ford Motor Co.*, 75 Wn.2d 522, 452 P.2d 729 (1969) and Restatement (Second) of Torts § 402A (1965). In this case the facts at the time of the tender do not necessarily demonstrate that liability would eventually fall upon the indemnitor, A.R.E. In fact, Fiat's position as the retailer and A.R.E.'s position as the manufacturer are in conflict. It is to Fiat's benefit to show the alleged defect occurred at the time of manufacture; yet it is to A.R.E.'s benefit to show the defect occurred subsequent to the time the wheel left the manufacturer, *i.e.*, while the product was in transit or being held by the retailer. In this situation the vouching-in doctrine is inappropriate.

■ Even if we concluded that the vouching-in doctrine was appropriate in this situation and that A.R.E. had been properly tendered the defense in this action, we would still be compelled to grant A.R.E. the relief they request, *i.e.*, a trial upon the issue of whether the defective condition of the wheel which caused Dixon's injury was present at the time it left the manufacturer's control. The tender of defense doctrine is based upon the principles of res judicata and collateral estoppel. *See Humble Oil & Ref. Co. v. Phila-*

*delphia Ship Maintenance Co., supra; Clarke v. Fidelity & Cas. Co.,* 55 Misc. 2d 327, 285 N.Y.S.2d 503 (1967). Neither the doctrine of collateral estoppel nor the vouching-in doctrine can be applied to preclude litigation of issues which were previously unlitigated.

We are unable to say whether the issue of the existence of the defect in the wheel at the time it left A.R.E.'s control was litigated in the prior action. Such a determination was not necessary for purposes of the prior suit between Fiat and Dixon. There is expert testimony from that trial in the record now before us indicating excessive porosity *was* the defect. The trial court, upon remand, found excessive porosity to have been the defect and found, as a result, that the defect existed when the wheel left A.R.E.'s control. We cannot say the finding by the trial court is supported by the evidence; we do not have a complete record of the original trial before us. We can only agree with a trial court's findings of fact if we can say that the findings are supported by substantial evidence, based upon the entire record from the trial court proceeding. Since the entire record from the original trial is not before us, we are unable to so find.

Even assuming collateral estoppel applies in this situation, we are met with the following proposition:

In *Henderson v. Bardahl Int'l Corp.,* [72 Wn.2d] 109, 118, 431 P.2d 961 (1967), we said:

It is axiomatic that for collateral estoppel by judgment to be applicable, that the facts or issues claimed to be conclusive on the parties in the second action were actually and *necessarily litigated* and determined in the prior action. *Ira v. Columbia Food Co.,* 226 Ore. 566, 360 P.2d 622, 86 A.L.R.2d 1378 (1961); *The Evergreens v. Nunan,* 141 F.2d 927 (2d Cir. 1944), 152 A.L.R. 1187. (Italics ours.)

In *Dolby v. Fisher,* 1 Wn.2d 181, 189, 95 P.2d 369 (1939), we said: "It is also the rule that issues which are not material to the controversy, although determined, do not become *res adjudicata, McGee v. Wineholt,* 23 Wash. 748, 63 Pac. 571; . . ."

*Luisi Truck Lines, Inc. v. State Util. & Transp. Comm'n,* 72

Wn.2d 887, 894, 435 P.2d 654 (1967). The jury in the original action did not actually and necessarily determine the defect to be excessive porosity, or the defect to have been present when the wheel left the manufacturer. The jury only necessarily and actually determined that plaintiff Dixon was not contributorially negligent, that the magnesium wheel was defective and that liability for plaintiff's injuries fell upon Fiat; A.R.E. has agreed these issues should not be relitigated.

We again remand this case for trial to determine whether the defect in the wheel which caused plaintiff's injury was present at the time the wheel left A.R.E.'s control. Upon remand, Fiat will be required to show it is in fact liable to plaintiff Dixon, *i.e.*, that the defective wheel was the proximate cause of plaintiff's injury. A.R.E. has agreed to be bound by the prior judgment with respect to these issues. Fiat must also produce evidence to show the precise nature of the defect in the wheel. Once this is done the practical effect will be to require A.R.E. to assume the burden of showing who caused the defect. *See Curtiss v. YMCA,* 7 Wn. App. 98, 106, 498 P.2d 330, 7 Wn. App. 451, 499 P.2d 915, *review granted,* 81 Wn.2d 1004 (1972).

A.R.E. may defend upon any theory that will show the defect did not occur during manufacture but occurred subsequent to the time it left their control. A.R.E. may also defend by showing something other than excessive gas porosity caused the defect in the wheel. It should be noted, however, that A.R.E. has inferred that some of its testimony will show that only proper methods were utilized in the manufacture of the wheel or that its wheels are normally not defective. Such evidence is not admissible. *Pulley v. Pacific Coca-Cola Bottling Co.,* 68 Wn.2d 778, 783-84, 415 P.2d 636 (1966); *Curtiss v. YMCA, supra.*

We do not mean to limit either party's theory in this action, but merely cite the above as general guidelines for trial upon remand. *Humble Oil & Ref. Co. v. Philadelphia Ship Maintenance Co., supra; Hawkeye Security Ins. Co. v. Ford Motor Co.,* 199 N.W.2d 373 (Iowa 1972). We believe

this position is consistent with *Northwestern Mut. Ins. Co. v. Stromme,* 4 Wn. App. 85, 479 P.2d 554 (1971) and *Dobias v. Western Farmers Ass'n,* 6 Wn. App. 194, 491 P.2d 1346 (1971). *See also Lane v. Hartford Fire Ins. Co.,* 343 F. Supp. 79 (E.D. Mo. 1972).

The expenses and fees incurred to date by either party to the instant case will abide the final outcome of this litigation.

Judgment is reversed and the case is remanded.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied May 14, 1973.