[No. 5478–1–III.   Division Three.   February 16, 1984.]

KENNETH P. CAMPBELL, ET AL, *Appellants,* v.
SHARON W. LOFTUS, ET AL, *Respondents.*

*W. Russell Van Camp* and *Van Camp, Bennion & Kelleher,* for appellants.

*W. Michael Clark* and *Collins & Clark,* for respondents.

THOMPSON, J.—Kenneth P. and Eleanor S. Campbell appeal the summary dismissal of their cause of action based on the trial court's determination that the statute of limitation had run.

On February 14, 1967, Lawrence T. and Sharon W. Loftus conveyed a parcel of land in Stevens County to Kenneth P. and Eleanor S. Campbell by warranty deed. Mr. Loftus, an attorney in Kansas, held the property in behalf of another client.

On March 1, 1968, Mrs. Campbell attempted to record the warranty deed. The deed could not be recorded because Mr. and Mrs. Loftus had failed to provide the excise tax affidavit on real estate sales and because it failed to meet platting requirements.

The Campbells made unsuccessful attempts to record the deed in 1968, 1971, 1972, and 1976. Since the Campbells

never became owners of record, they did not receive notice of taxes due. In 1973, without notification to the Campbells, the property was sold for back taxes.

In 1980, an attorney contacted Mr. Loftus in behalf of the Campbells and at that time the proper 1 percent excise tax affidavit was signed and forwarded to the Campbells.

On June 19, 1981, the Campbells filed a complaint for breach of warranty deed, for fraudulent conveyance, and for damages caused by the loss of their property. The complaint was amended to reflect the death of Mr. Loftus.

Mrs. Loftus moved for summary judgment, alleging the statute of limitation had run and the claim was barred by laches. The court granted the motion, ordered the action dismissed, and the Campbells appeal. We affirm.

The Campbells contend the applicable statute of limitation is RCW 4.16.040(1) which allows 6 years within which "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" may be brought. The writing they rely upon is the warranty deed.

The Campbells regard the signing of the excise tax affidavit in 1980 as (a) the event that started the running of the 6–year statute of limitation, since it was the last "essential element" to the conveyance, or (b) an acknowledgment of a legal obligation or debt that removed the bar of the statute of limitation. We reject these arguments as unpersuasive.

█ RCW 4.16.010[1] provides actions must be commenced within the prescribed periods (here, 6 years) after the cause of action accrues. A cause of action accrues when a party has a right to apply to the court for relief. *U.S. Oil & Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 633 P.2d 1329 (1981). The Campbells' cause of action accrued on February 14, 1967, when the warranty deed was delivered. The

---

[1] RCW 4.16.010:

"Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; but the objection that the action was not commenced within the time limited can only be taken by answer or demurrer."

breach or misfeasance attributable to Loftus which resulted in a loss to the Campbells was the delivery of a warranty deed that did not comply with platting requirements and the nondelivery of a properly executed excise tax affidavit. The Campbells had a right to apply to the court for relief at that time. This cause of action is barred because the period of limitation ended long ago.

Nor will the application of the discovery rule afford the Campbells relief. Under the discovery rule, a cause of action accrues and the statute of limitation begins to run when the plaintiff learns of or in the exercise of reasonable diligence should learn of the facts which give rise to the cause of action. *Metropolitan Servs., Inc. v. Spokane,* 32 Wn. App. 714, 720, 649 P.2d 642 (1982). The Campbells' date of discovery was March 1, 1968.

The eventual signing and delivery of a properly executed excise tax affidavit in 1980 had no legal significance. It did not breathe new life into the cause of action already barred by the running of the statute of limitation. At that late date it was a useless act. The property had already been sold for failure to pay real estate taxes. No new cause of action arose because Loftus finally did what he was obligated to do 13 years earlier.

The Campbells correctly point out the law provides an exception to the 6–year statute of limitation, RCW 4.16.280.[2] However, this statute provides for revival of the remedy for recovery on a debt. *See Lombardo v. Mottola,* 18 Wn. App. 227, 566 P.2d 1273 (1977). This is not an action on a debt. RCW 4.16.280 and the cases construing it are not applicable to this case.

---

[2]RCW 4.16.280:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

The trial court correctly granted summary judgment and is affirmed.

GREEN, A.C.J., and McINTURFF, J., concur.

Reconsideration denied March 8, 1984.