[No. 37760-8-II.   Division Two.   May 18, 2010.]

VICTOR ERICKSON ET AL., *Appellants*, v. CHARLES W. CHASE ET AL., *Respondents*, LLOYD COMBS ET AL., *Appellants*, JAMES ROBSON, *Respondent*.

152

*Robert D. Mitchelson* (of *Mitchelson Law Office Inc.*), for appellants.

*Michael C. Simon* (of *Landerholm, Memovich, Lansverk & Whitesides PC*); *Charles K. Wiggins* (of *Wiggins & Masters*

PLLC); and *Gideon D. Caron* (of *Caron Colven Robison & Shafton PS*), for respondents.

¶1 ARMSTRONG, J. — Victor and Larry Erickson brought a quiet title action against Charles and Nancy Chase to establish prescriptive easements over two unpaved roads on the Chase property, the Lower Road and the Upper Road. The Skamania County Superior Court granted the Lower Road easement, denied the Upper Road easement, and found the Ericksons liable for timber trespass. The Ericksons appeal the trial court's rulings denying the Upper Road easement and awarding treble damages for timber trespass. The Chases appeal the trial court's ruling granting the Lower Road easement.

¶2 The Chases brought a third party action against their seller, Lloyd and Doris Combs, for breach of warranty to defend title and damages for the diminution in value of their property. The trial court granted the Chases attorney fees for defending against the Ericksons, but it denied attorney fees for bringing a breach of warranty claim against the Combses. The court also denied their request for damages. The Chases appeal these rulings.

¶3 The Combses brought a fourth party action against his seller, James Robson, for breach of warranty to defend title. The trial court ruled that the statute of limitations barred the Combses' claim. The Combses also appeal.

¶4 We reverse the trial court's ruling that the statute of limitations bars the Combses' breach of warranty claim against Robson and remand for disposition on the merits. We affirm all other disputed trial court rulings.

## FACTS

¶5 The Ericksons own two parcels of property in Skamania County, a 9-acre parcel and a 16-acre parcel. The

9-acre parcel is directly south of the 16-acre parcel. The Chases own a 5-acre parcel adjacent to the 16-acre parcel. Two unpaved roads, the Lower Road and the Upper Road, traverse the Chases' 5-acre parcel. The Ericksons use the Lower Road to access their 9-acre parcel and the Upper Road to access their 16-acre parcel.

¶6 The Ericksons have owned the 9-acre parcel since 1986. They purchased the 16-acre parcel in 2003. Joe Zumstein previously owned it through his corporation Buck Mountain Timber. Zumstein sold the 16 acres to the Read Family Trust in 1997, and the Read Family Trust sold it to the Ericksons in 2003.

¶7 The Chases purchased the 5-acre parcel in 2003. It was originally part of a 20-acre parcel Robson owned. Robson sold the 20 acres in 1997 under a real estate installment contract. He subdivided the property and the Combses purchased a 5-acre parcel. In December 2003, Robson delivered a statutory warranty fulfillment deed to the Combses, and the Combses sold the 5-acre parcel to the Chases.

¶8 Shortly after purchasing the five acres, the Chases instructed the Ericksons not to use the Upper Road. In December 2004, the Ericksons "skinned" a portion of the road, removing brush, vegetation, and at least 15 trees. Clerk's Papers (CP) at 214-15. The Chases confronted the Ericksons again and eventually fenced off the Upper Road.

¶9 In June 2006, the Ericksons brought a quiet title action against the Chases to establish prescriptive easements over the Lower Road and Upper Road. The trial court granted the Lower Road easement and denied the Upper Road easement. The court also found the Ericksons liable for timber trespass because they removed trees from the Upper Road and awarded the Chases treble damages amounting to $15,185.25.

¶10 The Chases tendered defense of the prescriptive easement claims to the Combses. The Combses denied the tender and, in turn, tendered the defense to Robson. The Chases brought a third party action against the Combses for breach of

warranty, requesting attorney fees and damages for the diminution in value of their property, and moved for partial summary judgment. The trial court granted them attorney fees for defending against the Ericksons' claims but not for pursuing a breach of warranty claim against the Combses. It also ruled that the Chases did not present any competent evidence of diminution in value and denied their request for damages.

¶11 The Combses brought a fourth party action against Robson for breach of warranty. Robson and the Combses both moved for summary judgment. The trial court granted Robson's motion, ruling that the statute of limitations barred the Combses' complaint.

## ANALYSIS

### STATUTE OF LIMITATIONS

A. Standard of Review

██ ██ ¶12 The Combses assign error to the trial court's denial of his motion for summary judgment, arguing that the statute of limitations does not bar his breach of warranty claim against Robson. When reviewing an order for summary judgment, we consider all facts and reasonable inferences in the light most favorable to the nonmoving party and review all questions of law de novo. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 698, 952 P.2d 590 (1998).

B. Background Facts

¶13 In 1997, Robson sold the 20-acre parcel to David and Connie Rocha under a real estate installment contract. The contract established the purchase price and payment terms and provided, "Upon payment of all amounts due seller, seller agrees to deliver to Buyer a Statutory Warranty Deed in fulfillment of this Contract." CP at 36. In May 1998, the Rochas subdivided the property and sold a 5-acre parcel to Grant and Carolyn Hosea. The Rochas then assigned their

seller's interest in the contract back to Robson, and the Hoseas assigned their purchaser's interest to the Combses. In December 2003, Robson delivered a statutory warranty fulfillment deed to the Combses.

¶14 The Ericksons brought a quiet title action to establish prescriptive easements over the five-acre parcel in June 2006. After Robson rejected his tender of defense, the Combses brought a fourth party action against Robson for breach of warranty to defend title. Robson and the Combses submitted cross motions for summary judgment on the issue of whether the statute of limitations barred the Combses' claim against Robson. The trial court granted Robson's motion, ruling that the statute of limitations began to run when Robson sold the property to the Rochas in 1997.

## C. Statute of Limitations for Warranty To Defend

■ ¶15 An action based on a contract or written agreement is subject to a six-year statute of limitations. RCW 4.16.040(1). The written agreement that the Combses rely on is the warranty deed.

■■ ¶16 The statute of limitations does not necessarily begin running from the date of the written agreement. It begins running when the cause of action accrues, meaning when a party has the right to apply to the court for relief. RCW 4.16.005; *Haslund v. City of Seattle*, 86 Wn.2d 607, 619, 547 P.2d 1221 (1976); *Campbell v. Loftus*, 36 Wn. App. 678, 679, 676 P.2d 1025 (1984). A cause of action for breach of warranty accrues when the warranty is breached. *See Whatcom Timber Co. v. Wright*, 102 Wash. 566, 568, 173 P. 724 (1918). The controlling question, therefore, is when was the warranty at issue broken. *See Whatcom Timber*, 102 Wash. at 568.

■■ ¶17 A warranty deed contains both present and future warranties. *See* RCW 64.04.030; *Mastro v. Kumakichi Corp.*, 90 Wn. App. 157, 162-63, 951 P.2d 817 (1998); 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 14.2, at 115 (2d ed. 2004). A present warranty, such as the warranty of seisin,

can be breached only at the time of conveyance. *See Mastro*, 90 Wn. App. at 162-63; 18 Stoebuck & Weaver, *supra*, at 116. But a future warranty can be breached after conveyance. *See Mastro*, 90 Wn. App. at 162-63; 18 Stoebuck & Weaver, *supra*, at 116. The warranty to defend is a future warranty that no lawful, outstanding claims against the property exist. *Mastro*, 90 Wn. App. at 164.

¶18 A breach of the warranty to defend occurs only when a third party asserts a lawful right to the property and there is an actual or constructive eviction under paramount title. *Mastro*, 90 Wn. App. at 164 (citing *Foley v. Smith*, 14 Wn. App. 285, 539 P.2d 874 (1975)). The third party's claim is usually established in a lawsuit between the grantee and the third party. *Mastro*, 90 Wn. App. at 164.

¶19 To recover under the warranty to defend, the grantee must make an effective tender of defense to the grantor. *Mastro*, 90 Wn. App. at 164-65 (citing *Double L Props., Inc. v. Crandall*, 51 Wn. App. 149, 156, 751 P.2d 1208 (1988)). An effective tender notifies the grantor that (1) there is a pending action; (2) if liability is found, the grantee will look to the grantor for indemnity; (3) the notice constitutes formal tender of the right to defend the action; and (4) if the grantor refuses to defend, it will be bound to factual determinations in the original action in subsequent litigation between the grantee and grantor. *Mastro*, 90 Wn. App. at 164-65 (quoting *Dixon v. Fiat-Roosevelt Motors, Inc.*, 8 Wn. App. 689, 692-93, 509 P.2d 86 (1973)). Obviously, the grantor must refuse this tender to breach the warranty to defend. *See Mastro*, 90 Wn. App. at 166 (holding where a grantee properly tendered defense of a third party's adverse possession claim to the grantor, the grantor "breached the warranty to defend *in refusing this tender of defense*" (emphasis added)).

¶20 In short, there are three requirements for establishing a breach and the right to recover under the warranty to defend: (1) a third party must assert a superior right to the property, usually through a lawsuit that results in the grantee's actual or constructive eviction; (2) the

grantee must properly tender defense to the grantor; and (3) the grantor must refuse the tender.

¶21 The parties here do not dispute that (1) the Ericksons asserted an outstanding right to a prescriptive easement over the five-acre parcel that resulted in the Chases' constructive eviction from exclusive possession of their property, (2) the Combses made an effective tender of defense to Robson, or (3) Robson refused the tender. Accordingly, Robson breached the warranty to defend when he refused the Combses' tender of defense and the statute of limitations began running from that date. The six-year statute of limitations does not bar the Combses' cause of action against Robson.

## D. Quitclaim Assignment

¶22 Robson also argues that the Combses accepted the property without any warranties because his assignment agreement stated that the Hoseas "convey and quit claim" their interest in the five-acre parcel to the Combses. Resp. Br. of Robson at 5-6; CP at 52. A quitclaim deed simply conveys, without warranty, whatever interest the grantor may have in the property. *See Crafts v. Pitts*, 161 Wn.2d 16, 21 n.2, 162 P.3d 382 (2007). The Hoseas' interest in the five-acre parcel, which was limited to their rights under the real estate contract, included the right to receive a statutory warranty deed once the property was paid in full. The quitclaim language in the assignment agreement could not extinguish future warranties arising under that deed.

## E. Binding Factual Determinations

¶23 Robson argues that, if we reverse, he is not bound by the trial court's determinations and the court must remand for a new trial. If a grantor refuses a tender of defense under a warranty to defend title, he will be bound by factual determinations from the original litigation in subsequent litigation between the grantee and grantor. *Mastro*, 90 Wn. App. at 164. Robson is therefore bound by the trial court's factual determinations in the quiet title action between the Ericksons and the Chases.

¶24 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

VAN DEREN, C.J., and PENOYAR, J., concur.

Review denied at 170 Wn.2d 1018 (2011).