231 P.3d 1261 (2010)
Victor ERICKSON and Larry Erickson, Appellants,
v.
Charles W. CHASE and Nancy Chase, Respondents/Cross-Appellants,
Lloyd Combs and Doris Combs, Cross-Respondents/Cross-Appellants, and
James Robson, Cross-Respondent.
No. 37760-8-II.
Court of Appeals of Washington, Division 2.
May 18, 2010.
*1263 Robert David Mitchelson, Mitchelson Law Office Inc. PS, Vancouver, WA, for Appellants.
Michael C. Simon, Landerholm, Memovich, Lansverk & Whitesi, Vancouver, WA, for Respondents.
Charles Kenneth Wiggins, Wiggins & Masters PLLC, Bainbridge Island, WA, Gideon D. Caron, Caron Colven Robison & Shafton PS, Vancouver, WA, for Respondents/Cross-Appellants.

PART PUBLISHED OPINION
ARMSTRONG, J.
¶ 1 Victor and Larry Erickson brought a quiet title action against Charles and Nancy Chase to establish prescriptive easements over two unpaved roads on the Chase property, the Lower Road and the Upper Road. The Skamania County Superior Court granted the Lower Road easement, denied the Upper Road easement, and found the Ericksons liable for timber trespass. The Ericksons appeal the trial court's rulings denying the Upper Road easement and awarding treble damages for timber trespass. The Chases appeal the trial court's ruling granting the Lower Road easement.
¶ 2 The Chases brought a third party action against their seller, Lloyd Combs, for breach of warranty to defend title and damages for the diminution in value of their property. The trial court granted the Chases attorney fees for defending against the Ericksons, but it denied attorney fees for bringing a breach of warranty claim against the Combs. The court also denied their request for damages. The Chases appeal these rulings.
¶ 3 Combs brought a fourth party action against his seller, James Robson, for breach of warranty to defend title. The trial court ruled that the statute of limitations barred Combs's claim. Combs also appeals.
¶ 4 We reverse the trial court's ruling that the statute of limitations bars Combs's breach of warranty claim against Robson and remand for disposition on the merits. We affirm all other disputed trial court rulings.

FACTS
¶ 5 The Ericksons own two parcels of property in Skamania County, a 9-acre parcel and a 16-acre parcel. The 9-acre parcel is directly south of the 16-acre parcel. The Chases own a 5-acre parcel adjacent to the 16-acre parcel. Two unpaved roads, the Lower Road and the Upper Road, traverse the Chases' 5-acre parcel. The Ericksons use the Lower Road to access their 9-acre parcel and the Upper Road to access their 16-acre parcel.
¶ 6 The Ericksons have owned the 9-acre parcel since 1986. They purchased the 16-acre parcel in 2003. Joe Zumstein previously owned it through his corporation Buck *1264 Mountain Timber. Zumstein sold the 16 acres to the Read Family Trust in 1997, and the Read Family Trust sold it to the Ericksons in 2003.
¶ 7 The Chases purchased the 5-acre parcel in 2003. It was originally part of a 20-acre parcel Robson owned. Robson sold the 20 acres in 1997 under a real estate installment contract. He subdivided the property and Combs purchased a 5-acre parcel. In December 2003, Robson delivered a statutory warranty fulfillment deed to Combs, and Combs sold the 5-acre parcel to the Chases.
¶ 8 Shortly after purchasing the 5 acres, the Chases instructed the Ericksons not to use the Upper Road. In December 2004, the Ericksons "skinned" a portion of the road, removing brush, vegetation, and at least 15 trees. Clerk's Papers (CP) at 214-15. The Chases confronted the Ericksons again and eventually fenced off the Upper Road.
¶ 9 In June 2006, the Ericksons brought a quiet title action against the Chases to establish prescriptive easements over the Lower Road and Upper Road. The trial court granted the Lower Road easement and denied the Upper Road easement. The court also found the Ericksons liable for timber trespass because they removed trees from the Upper Road and awarded the Chases treble damages amounting to $15,185.25.
¶ 10 The Chases tendered defense of the prescriptive easement claims to Combs. Combs denied the tender and, in turn, tendered the defense to Robson. The Chases brought a third party action against Combs for breach of warranty, requesting attorney fees and damages for the diminution in value of their property, and moved for partial summary judgment. The trial court granted them attorney fees for defending against the Ericksons' claims but not for pursuing a breach of warranty claim against Combs. It also ruled that the Chases did not present any competent evidence of diminution in value and denied their request for damages.
¶ 11 Combs brought a fourth party action against Robson for breach of warranty. Robson and Combs both moved for summary judgment. The trial court granted Robson's motion, ruling that the statute of limitations barred Combs's complaint.

ANALYSIS

Statute of Limitations

A. Standard of Review

¶ 12 Combs assigns error to the trial court's denial of his motion for summary judgment, arguing that the statute of limitations does not bar his breach of warranty claim against Robson. When reviewing an order for summary judgment, we consider all facts and reasonable inferences in the light most favorable to the nonmoving party and review all questions of law de novo. Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wash.2d 692, 698, 952 P.2d 590 (1998).

B. Background Facts

¶ 13 In 1997, Robson sold the 20-acre parcel to David and Connie Rocha under a real estate installment contract. The contract established the purchase price and payment terms and provided: "Upon payment of all amounts due seller, seller agrees to deliver to Buyer a Statutory Warranty Deed in fulfillment of this Contract." CP at 36 In May 1998, the Rochas subdivided the property and sold a 5-acre parcel to Grant and Carolyn Hosea. The Rochas then assigned their seller's interest in the contract back to Robson, and the Hoseas assigned their purchaser's interest to Combs. In December 2003, Robson delivered a statutory warranty fulfillment deed to Combs.
¶ 14 The Ericksons brought a quiet title action to establish prescriptive easements over the 5-acre parcel in June 2006. After Robson rejected his tender of defense, Combs brought a third party action against Robson for breach of warranty to defend title. Robson and Combs submitted cross-motions for summary judgment on the issue of whether the statute of limitations barred Combs's claim against Robson. The trial *1265 court granted Robson's motion, ruling that the statute of limitations began to run when Robson sold the property to the Rochas in 1997.

C. Statute of Limitations for Warranty to Defend

¶ 15 An action based on a contract or written agreement is subject to a six-year statute of limitations. RCW 4.16.040(1). The written agreement that Combs relies on is the warranty deed.
¶ 16 The statute of limitations does not necessarily begin running from the date of the written agreement. It begins running when the cause of action accrues, meaning when a party has the right to apply to the court for relief. RCW 4.16.005; Haslund v. Seattle, 86 Wash.2d 607, 619, 547 P.2d 1221 (1976); Campbell v. Loftus, 36 Wash.App. 678, 679, 676 P.2d 1025 (1984). A cause of action for breach of warranty accrues when the warranty is breached. See Whatcom Timber Co. v. Wright, 102 Wash. 566, 568, 173 P. 724 (1918). The controlling question, therefore, is when was the warranty at issue broken. See Whatcom Timber, 102 Wash. at 568, 173 P. 724.
¶ 17 A warranty deed contains both present and future warranties. See RCW 64.04.030; Mastro v. Kumakichi Corp., 90 Wash.App. 157, 162-63, 951 P.2d 817 (1998); 18 William B. Stoebuck, Washington Practice, Real Estate: Transactions § 14.2, at 115 (2d ed. 2004). A present warranty, such as the warranty of seisin, can be breached only at the time of conveyance. See Mastro, 90 Wash.App. at 162-63, 951 P.2d 817; 18 Stoebuck, supra. But a future warranty can be breached after conveyance. See Mastro, 90 Wash.App. at 162-63, 951 P.2d 817; 18 Stoebuck, supra. The warranty to defend is a future warranty that no lawful, outstanding claims against the property exist. Mastro, 90 Wash.App. at 164, 951 P.2d 817.
¶ 18 A breach of the warranty to defend occurs only when a third party asserts a lawful right to the property and there is an actual or constructive eviction under paramount title. Mastro, 90 Wash.App. at 164, 951 P.2d 817 (citing Foley v. Smith, 14 Wash. App. 285, 539 P.2d 874 (1975)). The third party's claim is usually established in a lawsuit between the grantee and the third party. Mastro, 90 Wash.App. at 164, 951 P.2d 817.
¶ 19 To recover under the warranty to defend, the grantee must make an effective tender of defense to the grantor. Mastro, 90 Wash.App. at 164-65, 951 P.2d 817 (citing Double L. Props., Inc. v. Crandall, 51 Wash.App. 149, 156, 751 P.2d 1208 (1988)). An effective tender notifies the grantor that: (1) there is a pending action; (2) if liability is found, the grantee will look to the grantor for indemnity; (3) the notice constitutes formal tender of the right to defend the action; and (4) if the grantor refuses to defend, it will be bound to factual determinations in the original action in subsequent litigation between the grantee and grantor. Mastro, 90 Wash.App. at 164-65, 951 P.2d 817 (quoting Dixon v. Fiat-Roosevelt Motors, Inc., 8 Wash.App. 689, 692-93, 509 P.2d 86 (1973)). Obviously, the grantor must refuse this tender to breach the warranty to defend. See Mastro, 90 Wash. App. at 166, 951 P.2d 817 (holding where a grantee properly tendered defense of a third party's adverse possession claim to the grantor, the grantor "breached the warranty to defend in refusing this tender of defense.") (emphasis added).
¶ 20 In short, there are three requirements for establishing a breach and the right to recover under the warranty to defend: (1) a third party must assert a superior right to the property, usually through a lawsuit that results in the grantee's actual or constructive eviction; (2) the grantee must properly tender defense to the grantor; and (3) the grantor must refuse the tender.
¶ 21 The parties here do not dispute that (1) the Ericksons asserted an outstanding right to a prescriptive easement over the 5-acre parcel that resulted in the Chases' *1266 constructive eviction from exclusive possession of their property; (2) Combs made an effective tender of defense to Robson; or (3) Robson refused the tender. Accordingly, Robson breached the warranty to defend when he refused Combs's tender of defense and the statute of limitations began running from that date. The 6-year statute of limitations does not bar Combs's cause of action against Robson.

D. Quit Claim Assignment

¶ 22 Robson also argues that Combs accepted the property without any warranties, because his assignment agreement stated that the Hoseas "convey and quit claim" their interest in the 5-acre parcel to Combs. Respondent Br. of Robson at 5-6; CP at 52. A quitclaim deed simply conveys, without warranty, whatever interest the grantor may have in the property. See Crafts v. Pitts, 161 Wash.2d 16, 21 n. 2, 162 P.3d 382 (2007). The Hoseas' interest in the 5-acre parcel, which was limited to their rights under the real estate contract, included the right to receive a statutory warranty deed once the property was paid in full. The "quit claim" language in the assignment agreement could not extinguish future warranties arising under that deed.

E. Binding Factual Determinations

¶ 23 Robson argues that, if we reverse, he is not bound by the trial court's determinations and the court must remand for a new trial. If a grantor refuses a tender of defense under a warranty to defend title, he will be bound by factual determinations from the original litigation in subsequent litigation between the grantee and grantor. Mastro, 90 Wash.App. at 164, 951 P.2d 817. Robson is therefore bound by the trial court's factual determinations in the quiet title action between the Ericksons and the Chases.
¶ 24 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: VAN DEREN, C.J., and PENOYAR, J.