# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LINDEN PARK HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation, | ) ) ) ) | No. 72659-5-I |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | DIVISION ONE |
| DUSTIN M. MEARS, an individual and JANE DOE or JOHN DOE MEARS, an individual, Spouses or domestic partners, and the marital or quasi marital community composed thereof; and BANK OF AMERICA, N.A., a federally chartered banking association, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | UNPUBLISHED OPINION |
| CONDO GROUP, LLC, | ) ) ) | |
| Intervening Plaintiff/Appellant | ) ) ) | |
| v. | ) ) ) | |
| BANK OF AMERICA, N.A., a federally chartered banking association, and DOES 1 through 10, | ) ) ) ) | |
| Intervening Defendants/Respondent | ) ) | FILED: <u>October 19, 2015</u> |

SPEARMAN, C.J. — The issue in this case is whether the successful bidder at a foreclosure auction is a bona fide purchaser ("BFP") when he is an experienced investor and the opening bid is substantially lower than the judgment amount. The trial court found that the discrepancy between the amount of the judgment and the opening bid

created a duty of inquiry and, because the purchaser failed to satisfy that duty, he was not a BFP. Finding no error, we affirm.

## FACTS

The Linden Park Condominium Owners' Association ("Linden Park") held a lien on a condominium for unpaid homeowner's dues and assessments. A portion of Linden Park's lien had super priority over two deeds of trust previously recorded by Bank of America. Chapter 64.32 RCW. Linden Park filed a complaint to foreclose its lien and joined Bank of America.

Bank of America did not answer or appear. The trial court entered an order of default against the homeowner, a default judgment against Bank of America, and a foreclosure order. The court declared a principal judgment against the homeowner of $11,419.14.[1] The judgment stated that Bank of America's interest "will be forever and fully extinguished" at the foreclosure sale. Clerk's Papers (CP) at 61. The foreclosure sale was set for January 25, 2013 and the notice of sheriff's sale was duly published.

Condo Group, LLC, (Condo Group) purchases about 20 properties a year, and specializes in condominiums sold at judicial foreclosure sales under super priority liens. Ray Stevenson, a principal of the Condo Group, saw the notice of foreclosure sale for the Linden Park condominium. Condo Group investigated by driving by the property, reviewing the court records, checking the grantors index and the tax assessments, and making sure that Bank of America had not filed a notice of appearance. Condo Group was aware that the total amount due Linden Park was $11,419.14 and that the super priority portion of the lien was about $1,800. Stevenson estimated that the opening bid

---

[1] The super priority portion of the lien was approximately $1,800.

would be somewhat higher than the judgment amount, perhaps around $13,000. Condo Group concluded that the property would be a good investment and decided to bid on it.

The day before the foreclosure sale, Bank of America paid Linden Park the amount of the super priority lien. Bank of America took no action to notify the court of its payment or postpone the sale. Linden Park sent an email to the sheriff's office requesting that notice be given at the sale that Bank of America had paid the super priority lien and that a stipulation to that effect would be filed within the next several days.

Immediately before the sale, Stevenson reviewed the docket and confirmed that no amendments, stipulations, or notices of appearance had been filed. The sheriff's deputy did not give notice to those attending the foreclosure sale of the payment to Linden Park. The deputy announced an opening bid of $1,000. Stevenson was surprised that the opening bid was so low. He bid $2,000. No other bids were entered and the deputy declared the property sold to Condo Group.

Following the sale, Stevenson delivered Condo Group's cashier's check to the sheriff's office and spoke with the administrative head of the civil unit, Eva Cunio. Stevenson referred to the sale and said "Hey, what went on here? That's an odd one." Cunio told him that Linden Park had requested that the sheriff announce that the lender had preserved its interest. She stated that she had discussed the request with some of her associates and decided that they could not make the announcement because they hold sales pursuant to orders from the court, not according to instructions from the parties.

3

On February 26, 2013, Linden Park filed a motion to confirm the Sheriff's Sale. Condo Group intervened and sought a declaration that the sale took place according to the foreclosure order and that Bank of America's interest had been extinguished at the sale. Bank of America filed a motion to vacate the default order and judgment. The trial court granted Bank of America's motion to vacate the default judgment. The parties agreed to a stipulated order confirming the foreclosure sale but leaving open the question of whether Condo Group was a BFP and took free of Bank of America's interest.

Condo Group and Bank of America filed cross motions for summary judgment. The trial court found that Condo Group had actual knowledge of the judgment amount prior to the Sheriff's Sale and, given that the foreclosed property is sold to satisfy the judgment, the discrepancy between the judgment amount and the opening bid would have caused an ordinarily prudent person to inquire further. It thus found that Condo Group was not a BFP and granted summary judgment for Bank of America. Condo Group appeals.

## DISCUSSION

This court reviews a summary judgment order de novo. Camicia v. Howard S. Wright Constr. Co., 179 Wn.2d 684, 693, 317 P.3d 987 (2014). Summary judgment is appropriate if the evidence in the record demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Becker v. Washington State Univ., 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011). We consider all facts in the light most favorable to the nonmoving party and

review all questions of law de novo. <u>Erickson v. Chase</u>, 156 Wn. App. 151, 156, 231 P.3d 1261 (2010). '

The Trial Court's Ruling Should Be Affirmed

A BFP is one who purchases property for valuable consideration in good faith, without notice of another's claim of right to the property. <u>Albice v. Premier Mortg. Servs. of Washington, Inc.</u>, 174 Wn.2d 560, 573, 276 P.3d 1277 (2012). Notice of another party's claim of right may be actual or constructive. <u>Id.</u> A buyer receives constructive notice when the facts and circumstances surrounding the sale "would cause an ordinarily prudent person to inquire further." <u>Id.</u> <u>See also</u>, <u>Paganelli v. Swendsen</u>, 50 Wn.2d 304, 308-09, 311 P.2d 676 (1957) (discussing constructive notice). A circumstance that creates a duty of inquiry provides "'only notice of what a reasonable inquiry would reveal.'" <u>Albice</u>, 174 Wn.2d at 577 (quoting <u>Paganelli</u>, 50 Wn.2d at 309).

A buyer's experience as a real estate investor carries "substantial weight" in determining whether the events surrounding the sale created a duty to inquire into possible defects in the title or sale of the property. <u>See Albice</u>, 174 Wn.2d at 573; <u>Miebach v. Colasurdo</u>, 102 Wn.2d 170, 176, 685 P.2d 1074 (1984). Whether a purchaser is a BFP is a mixed question of law and fact, as "[w]hat a purchaser knew is a factual question but the legal significance of what he knew is a legal question." <u>South Tacoma Way, LLC v. State</u>, 146 Wn. App. 639, 652-53, 191 P.3d 938 (2008) <u>rev'd on other grounds</u>, 169 Wn.2d 118, 233 P.3d 871 (2010) (citing <u>Peoples Nat'l Bank of Wash. v. Birney's Enters., Inc.</u>, 54 Wn. App. 668, 674, 775 P.2d 466 (1989).

The parties do not dispute that the foreclosure order declared that Bank of America's interest would be extinguished at the sale or that Bank of America failed to

enter a stipulation, request a postponement, or give notice to the court after it paid Linden Park. They also do not dispute that Condo Group, as a sophisticated investor, diligently investigated the property prior to the sale and knew that Linden Park's total lien was over $11,000, of which the super priority portion was about $1,800. There is no dispute that the opening bid was $1,000 and that Stevenson was surprised that the opening bid was so low. The issue is the legal significance of these facts.

Bank of America argues that, given Condo Group's knowledge of the judgment amount and its experience with foreclosure sales under super priority liens, the opening bid, which was lower than even the super priority portion of Linden Park's lien, triggered a duty of inquiry. Condo Group argues that it reasonably relied on the court records, which declared that Bank of America's interest would be extinguished at the sale. We agree with Bank of America. While we do not condone Bank of America's apparent negligence in protecting its rights, Condo Group's argument fails because its presale diligence does not mean it can turn a blind eye to the circumstance that arose when the opening bid was called. Because the foreclosed property is sold to satisfy the judgment, the discrepancy between the judgment and the opening bid, particularly for the sophisticated real estate investor, was a circumstance that "would cause an ordinarily prudent person to inquire further." Albice, 174 Wn.2d at 573.

Condo Group also asserts that it had no information indicating that the opening bid was low because Bank of America had made a payment. Condo Group states that, in its experience, opening bids may be low for many reasons and sales are customarily postponed when payment has been made. However, the duty of inquiry does not require actual knowledge that a third party has a claim of right or a circumstance that

can only be explained by a third party's claim. All that is required to trigger the duty of inquiry is "'information ... which would excite apprehension in an ordinary mind and prompt a person of average prudence to make inquiry." Paganelli, 50 Wn.2d at 308 (quoting Daly v. Rizzutto, 59 Wash. 62, 65, 109 P. 276 (1910)). In the circumstances present here, we hold that the discrepancy between the opening bid and the judgment amount was information that would prompt a prudent investor to make inquiry.

Condo Group next argues that, even if the opening bid triggered a duty of inquiry, it could not reasonably or diligently conduct an investigation to determine why the opening bid was low in the context of an auction in progress. A circumstance that creates a duty of inquiry provides "'only notice of what a reasonable inquiry would reveal.'" Albice, 174 Wn.2d at 577 (quoting Paganelli, 50 Wn.2d at 309). Condo Group relies on Hendricks v. Lake, 12 Wn. App 15, 22, 528 P.2d 491 (1974), to assert that the time frame must be considered, and contends that no reasonable inquiry is possible in the "minutes, if not seconds" between opening bid and purchase. Brief of Appellant at 15-16. Hendricks, however, merely points out that for a circumstance to trigger a duty of inquiry, it must be known to the buyer before he purchases the property. Hendricks, 12 Wn. App. at 22. Here, there is no dispute that the discrepancy between the opening bid and the judgment amount was known to Condo Group before it purchased the property.

Moreover, in this case a reasonable inquiry would have involved only a question to the deputy calling the sale. The sheriff's office had information that the opening bid was low because the lender had paid the super priority lien. Had Stevenson asked, there is no reason to believe that the deputy would have withheld that information.

7

Accordingly, we conclude that on the facts of this case Stevenson had a duty to inquire and a reasonable inquiry would have revealed Bank of America's interest.

The judgment of the trial court is affirmed.

Spearman, C.J.

WE CONCUR:

Cox, J.